UNITED STATES, Appellee

v

QUENTIN J. EVANS, Private, U. S. Marine Corps, Appellant

18 USCMA 3, 39 CMR 3

No. 21,346

October 11, 1968

Lieutenant *Stephen W. Grafman*, JAGC, USNR, was on the pleadings for Appellant, Accused.

Lieutenant *Steven A. Weidner*, JAGC, USNR, was on the pleadings for Appellee, United States.

### Opinion of the Court

PER CURIAM:

Before a special court-martial at the Marine Corps Base, Camp Pendleton, California, the accused entered a plea of guilty to several offenses in violation of the Uniform Code of Military Justice, and was sentenced to a bad-conduct discharge, partial forfeitures, and confinement at hard labor for six months.

A board of review determined that a number of irregularities marred the accused's trial, but it concluded that, individually, the errors were not prejudicial or could be cured by reassessment of the sentence. A dissenting member of the board of review was of the opinion that the cumulative effect of the several errors was to deprive the accused of due process. See United States v Yerger, 1 USCMA 288, 3 CMR 22. All members of the board of review agreed that the following errors were committed:

1. Inadequate measures were taken to assure that the accused appear at trial "properly attired in the class of dress or uniform prescribed by the president." Manual for Courts-Martial, United States, 1951, paragraph 60; United States v Daggett, 34 CMR 706. See also United States v West, 12 USCMA 670, 31 CMR 256.

2. No instructions were given to disregard evidence of accused's confinement by civilian authorities while a "juvenile" and not yet a member of the Marine Corps. See United State v Back, 13 USCMA 568, 33 CMR 100; United States v Rodriguez, 17 USCMA 54, 37 CMR 318.

3. The sentence instructions were inadequate as to the matters the court members could consider in determining an appropriate sentence. United States v Wheeler, 17 USCMA 274, 38 CMR 72.

4. The staff legal officer improperly advised the supervisory authority that "cogent" reasons were required for clemency and the exercise of clemency should be reserved "for special compelling situations." See United States v Taylor, NCM 68–0560, decided February 29, 1968.

Appellate defense counsel further contends that the accused was deprived of effective assistance of counsel. Before trial, the accused had requested a qualified lawyer, but the request was denied because the "heavy caseload of General Court-Martial cases" at the headquarters of the general court-martial authority made lawyer counsel unavailable. As a result, a nonlawyer was appointed to represent the accused. He failed to examine or challenge two court members, who admitted they had previous knowledge about the case but said they would not be affected by it, and he made no argument on behalf of accused in respect to the sentence, although the accused was only nineteen years of age and testified he "learned quite a bit" from his "mistakes" and desired to remain in the Marine Corps and serve in Vietnam. The majority of the board of review apparently concluded that defense counsel's inaction was the result of a predetermined plan. However, the accused's expressed desire to remain in the Corps and to serve in Vietnam is inconsistent with any such scheme. Cf. United States v Blunk, 17 USCMA 158, 37 CMR 422. In its present state, the record tends to indicate defense counsel did not fully understand that he is not *amicus* to the court-martial, but an advocate for the accused. United States v Blunk, supra, at page 160; Entsminger v Iowa, 386 US 748, 751, 18 L Ed 2d 501, 87 S Ct 1402 (1967). See also United States v Welker, 8 USCMA 647, 25 CMR 151.

Our reading of the record of trial leaves us convinced that the cumulative effect of the several errors substantially impaired the fairness of the sentence proceedings and requires reversal of the sentence. *Yerger,* supra; United States v Larry, 2 USCMA 415, 9 CMR 45. The accused has served the confinement portion of the sentence, which was reduced and ordered executed by the convening authority, and the major part of the period of suspension of the execution of the bad-conduct discharge has expired. In light of these circumstances, we deem it inappropriate to prolong the proceedings. United States v James, 1 USCMA 379, 3 CMR 113.

The petition for grant of review is granted and the decision of the board of review is reversed. The findings of guilty and the sentence are set aside, and the charges are ordered dismissed.