UNITED STATES, Appellee

v

JOE A. ATTEBURY, Private First Class,
U. S. Army, Appellant

18 USCMA 531, 40 CMR 243

No. 21,896

August 22, 1969

*Captain William W. Rittenhouse* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Major Dennis R. Hunt.*

*Captain Herbert D. Miller, Jr.*, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick* and *Major Edwin P. Wasinger.*

## Opinion of the Court

QUINN, Chief Judge:

Brought to trial on three charges, including murder, the accused stands convicted of striking a Vietnamese national in the head with a rifle and violating a regulation prohibiting consumption of alcoholic beverages in an Army vehicle, in violation of Articles 128 and 92, Uniform Code of Military Justice, 10 USC §§ 928 and 892, respectively. We granted review to consider three assignments of error.

It appears that the accused was interrogated three times in a four-day period by a Criminal Investigations Detachment agent. On the first occasion, he indicated a reluctance to speak about the alleged offenses and at the second interrogation he specifically refused to make any statement and the interview was terminated. At the third interview, after preliminary advice as to his right to remain silent and right to counsel, he engaged in conversation with the agent and this conversation led to an incriminating written statement. At trial, the statement was admitted in evidence over defense objection.

Under the circumstances of this case, we need not determine whether an accused's assertion of the right to remain silent at one interrogation insulates him from future interrogation in the course of an investigation, or whether the relationship between two

**531**

periods of custodial interrogations may be so attenuated as to allow law enforcement agents again to advise an accused of his rights and request that he submit to questioning. See United States v Bollons, 17 USCMA 253, 38 CMR 51. We are satisfied that this accused's repeated reliance upon his right to remain silent made it incumbent upon the agent to desist in his attempts to get the accused to talk. We hold that the pretrial statement was improperly admitted in evidence.

Government counsel contend that the admission of the accused's statement was not prejudicial because the accused's testimony constitutes a judicial confession of the offenses charged. The record, however, provides no assurance that the accused would have testified as to these offenses if his pretrial statement had not been admitted in evidence. We cannot conclude, therefore, that the accused's trial testimony was not impelled by the error. United States v Bearchild, 17 USCMA 598, 38 CMR 396.

Apparently, the accused has been in confinement *or under other restraint* since December 12, 1967. The period of confinement approved by the board of review as appropriate for the offenses has expired and no punitive discharge has been imposed. Considering these circumstances and the nature of the offenses, we perceive no useful purpose in prolonging the proceedings by a rehearing. United States v Evans, 18 USCMA 3, 39 CMR 3. Accordingly, we reverse the decision of the board of review, set aside the findings of guilty and the sentence, and direct that the charges be dismissed.

Judges FERGUSON and DARDEN concur.