UNITED STATES, Appellant

v

RAYMOND G. De CHAMPLAIN, Master Sergeant,
U. S. Air Force, Appellee

22 USCMA 150, 46 CMR 150

No. 26,262

February 16, 1973

*Captain Fred W. Kuhn* argued the cause for Appellant, United States. With him on the brief was *Colonel C. F. Bennett.*

*Major Robert L. Bridge* argued the cause for Appellee, Accused. With him on the brief was *Colonel George M. Wilson.*

## Opinion of the Court

DUNCAN, Judge:

This case is before us on certification of the Judge Advocate General of the Air Force on the following issue:

Was the Court of Military Review correct in holding that the military judge erred in admitting the accused's written confessions in evidence?

In a well-reasoned and fully documented opinion, the Court of Military Review held that the appellant's "in-culpatory statement of 7 July was induced and was not the product of a knowing and voluntary relinquishment by the accused of his right to remain silent." We agree. United States v Attebury, 18 USCMA 531, 40 CMR 243 (1969); United States v Tempia, 16 USCMA 629, 37 CMR 249 (1967); Miranda v Arizona, 384 US 436, 16 L Ed 2d 694, 86 S Ct 1602 (1966).

We need not detail at length, as did the Court of Military Review, the trial testimony regarding this issue. Suf-

fice to note that the appellant did not testify and that all of the evidence was given by the Government's witness.

It appears that the accused was interrogated on July 2, 3, and 7, 1971, by Major Flood, special agent in charge of the local Air Force Office of Special Investigations. Prior to each interview the appellant, who was at all times confined, was advised of his right to remain silent and of his right to counsel. On July 2nd, during a period of more than three hours, the appellant refused to respond, either in the affirmative or negative, to the agent's questions. He did not even acknowledge his understanding of the warnings given. On July 3rd, for approximately an hour, Agent Flood tried again with the same negative results. He testified that he felt he and his fellow agent were talking to themselves. On July 7th, for about 1½ or 2 hours, Agent Flood fared no better. The appellant would merely shake his head in a negative fashion when asked why he did not wish to talk about the matters under investigation. Only upon Flood's inquiry whether the accused knew he had been "dealing with the Soviets . . . the big boys," and whether he knew how the Soviets handled agents of theirs who had been picked up, did the accused's responses change.[1] Thereafter, the appellant made the inculpatory statement which was admitted at trial over defense counsel's objection. What we said in United States v Attebury, supra at 531–532, 40 CMR at 243–244, is equally applicable here:

"Under the circumstances of this case, we need not determine whether an accused's assertion of the right to remain silent at one interrogation insulates him from future interrogation in the course of an investigation, or whether the relationship between two periods of custodial interrogations may be so attenuated as to allow law enforcement agents again to advise an accused of his rights and request that he submit to questioning. See United States v Bollons, 17 USCMA 253, 38 CMR 51 [1967]. We are satisfied that this accused's repeated reliance upon his right to remain silent made it incumbent upon the agent to desist in his attempts to get the accused to talk. We hold that the pretrial statement was improperly admitted in evidence."

The certified question is answered in the affirmative.

Chief Judge DARDEN and Judge QUINN concur.

---

[1] When initially taken into custody, the appellant was advised that he was suspected of a violation of Air Force Regulation 205–57 (failure to report contact with a foreign government representative) and espionage.