## UNITED STATES

v.

**Melvin Russell JONES, 226 80 7342, Seaman Recruit (E–1), U. S. Navy.**

**NCM 78 0191.**

U. S. Navy Court of Military Review.

Sentence Adjudged 19 Aug. 1977.

Decided 19 Oct. 1978.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and ROOT and MICHEL, JJ.

PER CURIAM:

In accordance with his pleas, appellant was found guilty of one abbreviated period and one protracted period of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He was sentenced by officer court members to punishment which included a punitive discharge.

██ During the presentencing portion of trial, the military judge permitted, upon a defense request which was unopposed by trial counsel, counsel argument on quantum of punishment *subsequent to* instructions to the members on the subject by the military judge. Patently this was error. *See* paragraphs 75*f* and 76*b*(1), *Manual for Courts-Martial, United States, 1969* (Revised edition); *see also* Appendix 8*b*, *Manual for Courts-Martial, United States, 1969* (Revised edition) at A8–25. We remain unpersuaded that trial defense counsel's request that this fallacious procedure be implemented, as acquiesced in by the trial judge as well as opposing counsel, waived the error. This acquiescence did nothing to abrogate the ultimate responsibility of the trial judge to ensure the fair and orderly conduct of trial proceedings in accordance with law. *See* paragraph 39*b*(1) *Manual for Courts-Martial, United States 1969* (Revised edition); *see also* Cooke, *The United States Court of Military Appeals, 1975–1977: Judicializing the Military Justice System*, 76 Mil.L.Rev. 43, 55–61 (collecting cases).

We deem it useful here to repeat the warning voiced by Judge Murray for a unanimous court in a similar case:

[W]e specifically condemn the procedure followed in this case wherein the trial judge allowed the counsel to argue on the sentence *after* he had instructed the court members of (sic) the responsibilities in their deliberations and voting on an appropriate sentence. Such procedure is fraught with danger for error and it should be obvious that its employment would be inappropriate. *United States v. Sounders*, No. 76 1443 (N.C.M.R. 30 June 1976).

While we too specifically condemn the procedure utilized here concerning the timing of the instructions given by the military judge, nonetheless we are constrained to observe that appellant has not demonstrated in what manner, if any, he was thereby prejudiced. In that there has been no showing of a prejudicial impairment of a substantial right, the sentence will be allowed to stand. *Cf., United States v. Evans*, 18 U.S.C.M.A. 3, 39 C.M.R. 3 (1968); *United States v. Yerger*, 1 U.S.C.M.A. 288, 3 C.M.R. 22 (1952).

We have examined appellant's other assignments of error and the Government's reply thereto and have concluded that they are without merit.

██ Although not assigned as error, we note with grave concern that the convening order and its seven modifications appointed five different military judges for appellant's trial. In turn, each of the five, except the last, were relieved of judicial duties by a respective convening order modification. Appellant was not arraigned by the military judge originally detailed to his case; rather he was arraigned by the military judge detailed in the second modification. He was ultimately tried by the military judge named in the first and fifth modifications. As we view the record of trial, there is not one scintilla of indication pointing to facts which would constitute good cause for the multiple replacement of the military judge during the progress of appellant's trial. However, we consider appellant's failure to object to this procedure, as well as his failure to object to the last judge's failure to affirmatively indicate his ratification of the earlier judges' actions at the previous Article 39(a), 10 U.S.C. § 839(a) sessions, as a waiver of the defect.

**570**

*See United States v. Weishaar*, No. 77 2215, 5 M.J. 889 (N.C.M.R.1978).

The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence, as approved on review below, are affirmed.