**UNITED STATES**

v.

**Donald J. RICHARDSON, 109 48 7991, Private First Class (E–2) U. S. Marine Corps.**

**NCM 78 1138.**

U. S. Navy Court of Military Review.

Sentence Adjudged 6 Feb. 1978.

Decided 27 Nov. 1978.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

DUNBAR, Senior Judge:

In the instant case, appellant pleaded guilty to a charge of assault upon Second Lieutenant M, his superior commissioned officer, then in the execution of his office. Additionally, he pleaded guilty to disrespect to the Second Lieutenant and to assaulting Corporal W, his superior noncommissioned officer, also alleged to have been in the execution of his office at the time of the assault. As a result of these and other pleas of guilty to specifications involving disrespect to his superiors, willful disobedience of lawful orders and willful destruction of military property, appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $265.00 per month for 3 months, and reduction to pay grade E–1.

Appellant testified during the providency inquiry that his acts had been precipitated by both the Corporal and the Lieutenant referring to him as "boy", although he had repeatedly protested such remarks. The Government offered no evidence to rebut appellant's assertion. Appellant also testified that he believed both men to be acting in the execution of their offices. His pleas were determined to be provident. However, during testimony in extenuation and mitigation, the appellant asserted that his actions were directly in response to his being addressed as "boy", and that he did not believe that the Lieutenant and the Corporal had any right to address him in such a manner.

In his review, the Staff Judge Advocate determined that the appellant's statements made during extenuation and mitigation were sufficient to raise a doubt as to the providency of his pleas with respect to that

aspect of the offenses which allege that the victims were acting in the execution of their offices. He concluded that their use of the term "boy" when addressing the appellant was sufficient to divest them of the status to be enjoyed by superior commissioned and noncommissioned officers and that they had, in effect, abandoned their rank in dealing with the appellant. He concluded, however, that the remaining elements of the offenses were sufficient to constitute the lesser included offenses of assault consummated by a battery, and provoking words, violations of Articles 128 and 117, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 917.

Appellant now asserts on appeal that his actions fail to constitute a criminal offense because they were the result of provocation on the part of the victims.

The United States Army Court of Military Review has held previously that use of the appellation "boy" does not in itself justify an assault. *United States v. Johnson,* 43 C.M.R. 604 (A.C.M.R.1970). In *Johnson,* the Army Court held that the victim officer had abandoned his rank in using the term "boy" when addressing the accused, but nevertheless they affirmed a conviction for the lesser included offense of assault and battery, finding that the term was not so inherently offensive as to justify the ensuing assault.

■ We believe that similar factors are present in this case. Certainly, appellant had no right to commit an assault upon his superiors; nor did he have a right to direct provoking words toward them. Consequently, the findings are supported by the evidence and should not be set aside based solely upon the provocation elements present. Additionally, appellant was convicted of a specification alleging that he unlawfully destroyed military property of the United States. However, we disapprove the specification alleging destruction of military property in violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908 due to insufficiency of the providency inquiry.

■ Nonetheless, we cannot overlook the provocation present in this case in determining the appropriateness of the sentence. Accordingly, after careful consideration and weighing of all the circumstances, we conclude that the ends of justice will not be particularly served by our approving a bad-conduct discharge. We note that this case differs from that of *Johnson, supra,* in that appellant asserts that the officer concerned, on repeated occasions, addressed him as "boy". Appellant's testimony remains unrebutted in this respect.

Accordingly, the findings of guilty as to additional Charge II and the specification thereunder are set aside. The remaining findings, as approved by the supervisory authority, are affirmed. Upon reassessment, only so much of the sentence as provides for confinement at hard labor for forty-five (45) days, forfeiture of $100.00 pay per month for 3 months and reduction to pay grade E–1, is affirmed.

Judge GREGORY concurs.

GLADIS, Judge (concurring/dissenting):

I join the majority in disapproving the finding of guilty of the alleged violation of Article 108, Uniform Code of Military Justice. I cannot join, however, in affirming the findings of guilty of Article 117 and 128 offenses. Although mere words do not justify an assault [1], the unrefuted statements of the accused, substantiated by the allegations on the charge sheet, indicate that he was goaded deliberately and wantonly into committing the acts which form the basis for these findings by an alleged victim who repeatedly addressed him by an opprobrious epithet having derogatory racial connotations. *United States v. Struckman,* 20 U.S. C.M.A. 493, 43 C.M.R. 333 (1971), provides ample authority for disapproving assault findings in a case in which the alleged victim is a military superior who has abandoned his office and goaded an accused into assaulting him by, in effect, challenging him to do so. The same rationale is applica-

1. 6A C.J.S. *Assault and Battery* § 18 (1975).

ble to provoking language addressed to such a victim. Therefore, I would disapprove the findings of guilty as approved below of specification 2 of Charge II, specification 3 of Charge III, and specification 6 of Charge IV and reassess the sentence.