UNITED STATES, Appellee,

v.

**Donald J. RICHARDSON, Private First Class, U. S. Marine Corps., Appellant.**

No. 36926.
NCM 78–1138.

United States Court of Military Appeals.

Aug. 27, 1979.

For Appellant: *Lieutenant Vance J. Bettis, JAGC, USNR* (argued).

For Appellee: *Lieutenant Commander Bradley S. Beall, JAGC, USN* (argued); *Commander T. C. Watson, Jr., JAGC, USN, Lieutenant Christine M. Yuhas, JAGC, USN* (on brief).

Opinion of the Court

COOK, Judge:

In accordance with his pleas, the appellant was convicted by a special court-martial, consisting of a military judge alone, of numerous charges and specifications. He was sentenced to confinement at hard labor for 3 months, forfeiture of $265.00 pay per month for 3 months, reduction to the lowest enlisted grade, and a bad-conduct discharge. This appeal is concerned with his conviction of disrespect toward his superior commissioned officer (specification 2 of Charge II); willful disobedience of a command of the same officer (specification 2 of Charge III); an assault and battery upon this officer while he was in the execution of his office (specification 3 of Charge III); and an assault and battery upon his superior noncommissioned officer while he was in the execution of his office (specification 6 of Charge IV), in violation of Articles 89, 90 and 91,

Uniform Code of Military Justice, 10 U.S.C. §§ 889, 890 and 891, respectively.[1]

During the providency inquiry the appellant stated that he was perusing "the Duty NCO book" and the NCO on duty told him, " 'keep your hands off . . . [the book], boy.' " Appellant responded by slapping the NCO in the face and cautioning him not to call him "boy." Appellant's actions precipitated a call for the Officer of the Day, with the following result:

Lieutenant MARTINY came on the scene and he introduced himself as the Officer of the Day, and he asked the corporal what happened, and then he turned to me and he made some remarks about boy, and I told him if he keeps calling me "boy", I was gonna put the size 12 up his ass. And then he told me to come to attention and I told him I wouldn't. And I just turned around and started to walk away, and then he called me a boy again as I was leaving. Then I knocked his cover off of him.

This conduct gave rise to the four offenses in question.

Appellant also asserted during the providency inquiry that the individuals involved had no right to call him "boy," but they did not step "outside of . . . [their] rank or position of authority." Subsequently, he asserted during a statement prior to sentencing that he "was provoked in a way," and the individuals involved had no right to address him as "boy."

The convening authority reduced the period of confinement to 45 days, but otherwise approved the findings and sentence. The supervisory authority took a different view of the matter. Pursuant to the advice of his staff judge advocate that appellant's statements during the sentencing portion of

the trial raised an issue relating to the status and authority of the commissioned officer and noncommissioned officer involved, the supervisory authority approved only so much of the findings of guilty to specification 2 of Charge II as extended to the use of provoking speech and gestures (Article 117, UCMJ, 10 U.S.C. § 917), and only so much of the findings of guilty to specification 3 of Charge III and specification 6 of Charge IV as extended to simple assaults and batteries (Article 128, UCMJ, 10 U.S.C. § 928). He disapproved the findings of guilty of specification 2 of Charge III and upon reassessing the sentence approved the bad-conduct discharge, confinement at hard labor for 45 days, forfeiture of $100.00 pay per month for 3 months, and reduction to E–1. The Navy Court of Military Review held the findings as approved by the supervisory authority "should not be set aside based solely upon the provocation elements present," but further concluded, "we cannot overlook the provocation present in this case in determining the appropriateness of the sentence." *United States v. Richardson*, 6 M.J. 656, 657 (N.C.M.R.1978). It approved only so much of the sentence as extended to confinement at hard labor for 45 days, forfeiture of $100.00 pay per month for 3 months, and reduction to the grade of E–1.

■ This Court has long held that a superior can abandon his rank and position of authority in dealing with a subordinate by his own misconduct. *United States v. Noriega*, 7 U.S.C.M.A. 196, 21 C.M.R. 322 (1956). In the present case, however, the findings of guilty as reduced and disapproved by the supervisory authority contain no elements of proof as to the status of the victim. Appellant, citing *United States v. Struckman*, 20 U.S.C.M.A. 493, 43 C.M.R.

1. Appellant was also convicted of disrespect toward another officer at a different time (specification 1 of Charge II); disrespect toward another superior noncommissioned officer while he was in the execution of his office (specification 4 of Charge IV); willful disobedience of an order of a superior noncommissioned officer (specification 5 of Charge IV); and willful destruction of military property of the United States (Additional Charge II), in

violation of Articles 89, 91 and 108, Uniform Code of Military Justice, 10 U.S.C. §§ 889, 891 and 908, respectively. The Navy Court of Military Review reversed the conviction involving the military property and the remaining offenses are not relevant to the present appeal. Additionally, other charges and specifications which had been referred to trial were withdrawn by the Government.

333 (1971), and *United States v. Rozier*, 1 M.J. 469, 472 (C.M.A.1976), submits a dismissal of all the specifications involving the provocation is required rather than approval of the lesser included offenses. We disagree.

In *United States v. Struckman, supra* at 495, 43 C.M.R. at 335, the Court held that the accused's striking of a superior commissioned officer was "not sustainable as a violation of Article 90, Code, supra," because the officer involved had abandoned his position and rank. We ordered the charge alleging a violation of Article 90 and another charge dismissed because "[t]he nature of the remaining offense and expiration of the period of confinement that was imposed make it inappropriate to continue the proceedings. *United States v. Evans*, 18 U.S.C.M.A. 3, 39 C.M.R. 3 (1968)." *Id. Struckman*, therefore, did not decide that a lesser included offense was unsustainable as a matter of law, but terminated the proceedings because of all the factors involved.

The Court ordered three specifications alleging disrespect toward superior noncommissioned officers dismissed in *United States v. Rozier, supra*, 1 M.J. at 471, because the accused was responding to "a brutal and needless assault" and was attempting to escape from unlawful custody.

Contrary to appellant's position, these cases did not hold that an accused may respond to provoking words or abusive language by assaulting the individuals involved or by using provoking speech or gestures himself. Indeed, the Court in *United States v. Hendrix*, 21 U.S.C.M.A. 412, 418, 45 C.M.R. 186, 192 (1972), while holding the officer involved had abandoned his office and rank, observed:

> Our decision in this case raises the possibility that the accused may have been guilty of an assault upon a commissioned officer not in the execution of his office, in violation of Article 128, Code, supra, 10 USC § 928. See *United States v. Johnson*, 43 C.M.R. 604 (ACMR December 23, 1970).

 Thus, the Court has adopted the prevailing rule that words alone do not justify an assault. *See* 6A C.J.S. Assault and Battery § 18; 6 Am.Jur.2d, Assault and Battery § 61; 1 Wharton, *Criminal Law and Procedure* § 348. Likewise, the use of provoking speech is not justified because it is a reply to similar language. *See* 27 C.J.S. Disorderly Conduct § 2; 12 Am.Jur.2d, Breach of Peace § 10; 2 Wharton, *Criminal Law and Procedure* § 810. Accordingly, we hold that any issue as to the providency of appellant's pleas of guilty was resolved by the action of the supervisory authority. However, we cannot leave this case without expressing our disagreement and distaste for the conduct of the commissioned officer and noncommissioned officer in question. The use of racial slurs is not only demeaning to the person at whom the slur is directed but, when it originates from individuals in authority, it is also demeaning to the United States Marine Corps. Although we hold that no further corrective action is required, we do not condone the conduct of these men in any way. We are in total agreement with the Navy Court of Military Review that the provocation involved in the present case was a mitigating circumstance and the sentence was, therefore, appropriately reduced. Indeed, we note that the most significant portion of the sentence, the bad-conduct discharge, was disapproved by the intermediate appellate court.

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge PERRY concur.