UNITED STATES, Appellee,

v.

Private E1 Jerome L. ALLEN, SSN
229–70–7280 United States
Army, Appellant.

SPCM 14613.

U. S. Army Court of Military Review.

20 Oct. 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain Courtney B. Wheeler, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Robert B. Williams, JAGC, and Captain Paul G. Thomson, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and WATKINS, Appellate Military Judges.

OPINION OF THE COURT

DRIBBEN, Judge:

Contrary to his pleas of not guilty, appellant was convicted by a special court–marital of striking a superior noncommissioned officer who was then in the execution of his duties, being disrespectful toward the same superior noncommissioned officer, and being disorderly in camp. These offenses were charged as violations of Articles 91 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 891 and 934 (1976), respectively. His sentence, imposed by the court members and approved by the convening authority, includes a bad–conduct discharge, confinement at hard labor for two months, and forfeiture of $250.00 pay per month for two months.

The only issue on this appeal which merits discussion is whether the superior non-commissioned officer abandoned his rank and position of authority in dealing with appellant by addressing appellant as "boy."

I

The facts that gave rise to the instant charges occurred at Camp Page, Korea, late in the evening of 13 December 1979. Appellant was involved in a commotion in the barracks. Staff Sergeant Bradford and an-

other noncommissioned officer attempted to restore order and find out what precipitated the disturbance. Sergeant Bradford testified that in response to his question in this regard, appellant responded that "it wasn't my f——g business. Nobody had asked me a f——g thing." [1] Sergeant Bradford said that he was a Sergeant in the United States Army and it was his responsibility to ascertain what was going on. He went on to say, "Boy, I . . . ." Before he could say anything else, appellant said, "I am not your boy. I'm not your f——g boy. I have a wife and kids just like you have." Appellant then hit him in the face. Sergeant Bradford stated that he used the word "boy" not as a racial slur but just as a figure of speech.

Appellant's version of events varies from that of Sergeant Bradford. He testified that after his reply to Sergeant Bradford's use of the term "boy," Sergeant Bradford was grabbed by another soldier and they both fell to the ground. Appellant said that he went over to assist Sergeant Bradford to his feet, but that the latter got up unaided and punched appellant in the eye. Appellant only then punched Sergeant Bradford. Although appellant subsequently claimed that his verbal exchange with Sergeant Bradford took place after the latter got up off the ground, he again said that Sergeant Bradford hit him first. Appellant also denied twice that he had any intention to hit Sergeant Bradford before Sergeant Bradford hit him.

The record indicates that both appellant and Sergeant Bradford are black.

The military judge refused to give any instruction to the court members on the issue of divestiture of rank and position of authority by misconduct. Instead he found that the evidence was insufficient under the circumstances of this case to warrant such an instruction.[2]

## II

The United States Court of Military Appeals and this Court have long held that misconduct on the part of a superior in dealing with a subordinate may divest the former of his rank and position of authority. *United States v. Noriega,* 7 U.S.C.M.A. 196, 21 C.M.R. 322 (1956); *United States v. Revels,* 41 C.M.R. 475 (A.C.M.R.1969); *United States v. Garretson,* 42 C.M.R. 472 (A.C. M.R.1970). That principle has also been applied in circumstances similar to those in this case.

In *United States v. Richardson,* 7 M.J. 320 (C.M.A.1979), divestiture of rank and position of authority occurred because a commissioned officer called the accused "boy" after the accused expressed great indignation at being addressed as such by a non–commissioned officer. *Richardson* struck both of these individuals because they called him "boy." This Court in *United States v. Johnson,* 43 C.M.R. 604, (A.C.M. R.1979), *pet. denied* 20 U.S.C.M.A. 667, 43 C.M.R. 413 (1970) determined that a Lieutenant was divested of his cloak of authority as a superior by addressing Johnson as "boy." The evidence in that case established that use of this word greatly angered the accused and triggered both his disrespectful remarks and his assault, a blow to the head with a closed fist. In other cases, various and obvious misconduct by a superior directly caused the conduct for which the accused in each instance were convicted. *See, e. g., United States v. Hendrix,* 21 U.S.C.M.A. 412, 45 C.M.R. 186 (1972); and *United States v. Struckman,* 20 U.S.C.M.A. 493, 43 C.M.R. 333 (1971).

---

1. These words were the basis of the charge of disrespect to a superior noncommissioned officer in the execution of his duties.

2. The trial defense counsel requested that the military judge instruct the Court, that:

   The Court is further advised that if you find that the victim, SSG Bradford addressed the accused as "boy", then you can lawfully conclude that SSG Bradford stepped out of his shoes as a superior non–commissioned officer or divested himself of his cloak of authority as a superior. If that is so concluded, then the accused can not be convicted of the charge of assault upon a superior non–commissioned officer who was then in the execution of his office.

■ Our understanding of these decisions leads us to agree with the Government's argument that in cases involving divestiture, two issues must be resolved: (1) whether the superior by his words or actions stepped outside his position, and (2) whether his conduct invited or provoked the accused's offenses. We entertain no doubt that a black soldier has every right to be offended by being addressed as "boy" when use of this term reflects a denial of his manhood because he is black. We agree with Judge Finklestein, who said in *United States v. Johnson*, 43 C.M.R. at 606, that this word when so used is as profane and insulting as "kike," "wop," "nigger," "spick," "polack," and "jap." We are also one with him in his statement that black soldiers are not boys, they are men in the finest sense of the word. Likewise, we are in total agreement with the Court of Military Appeals that the use of racial slurs is not only demeaning to the person at whom it is directed, but, when it originates from a person in authority, it also demeans that person's particular service. *United States v. Richardson*, 7 M.J. at 322.

■ In the case at bar, appellant himself convinces us that he neither regarded the use of the term "boy" as a racial slur nor did he strike Staff Sergeant Bradford because of this remark. His verbal response was to affirm his maturity and his physical response was precipitated by his claim of self-defense, a matter covered by the military judge's instructions. Our common sense compels us also to conclude that one would not demean his own race. Consequently, we find that at worst, Staff Sergeant Bradford was referring to appellant's youthfulness rather than demeaning his race. Because appellant claimed he struck Staff Sergeant Bradford in self-defense rather than in response to his use of "boy," we are not called upon to decide whether addressing a subordinate so as to demean his maturity divests a superior of his rank and position of authority regarding offenses committed against him by the subordinate.

The findings of guilty and the sentence are affirmed.

Senior Judge MITCHELL concurs.

WATKINS, Judge, concurring:

I am in full agreement with my brothers that, on the basis of these particular facts, Staff Sergeant Bradford's one-time use of the word "boy" was insufficient in law to raise the evidentiary issue of divestiture of authority. Since the military judge was under no duty to instruct on this subject, he did not err in electing not to do so. In my view, proper resolution of an issue such as this one entails careful consideration of all of the facts and circumstances of record, with the race of those principally involved but one of a number of relevant factors. In this instance, precipitous physical action by the appellant foreclosed the possibility that evidence of divestiture of authority might develop which subsequently could inure to his benefit. I join in affirming the findings of guilty and the sentence.