**UNITED STATES**

v.

**Thomas L. LEACH, 237 15 4164, Aviation Structural Mechanic (Hydraulics) (E–3), U.S. Navy.**

**NMCM 85 4114.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 9 July 1985.

Decided 27 May 1986.

LCDR ALVIN L. MCDONALD, JAGC, USN, Appellate Defense Counsel.

LT TIMOTHY D. PERSONS, JAGC, USNR, Appellate Defense Counsel.

LTCOL STEPHEN S. MITCHELL, USMCR, Appellate Government Counsel.

MAJ J.S. UBERMAN, USMC, Appellate Government Counsel.

Before KERCHEVAL, Senior Judge, and RAPP and GRANT, JJ.

PER CURIAM:

We have examined the record of trial, the assignment of error, and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. The appellant was convicted by a special court-martial with officer members of violating Article 91, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 891, by assaulting a superior petty officer in the execution of his duties

with a folding knife and of violating Article 92, UCMJ, 10 U.S.C. § 892, by possessing a folding knife with an approximately three inch blade in contravention of Article 1136, U.S. Navy Regulations.

The evidence shows that the appellant, in the course of a friendly conversation with Aviation Storekeeper Second Class (AK2) M, pulled a folding knife (described as having a three inch blade) from his pocket, opened it and held it with the point toward AK2 M, while the two were standing a short distance apart. The events of the next few seconds are in dispute, depending upon whether described by the appellant or AK2 M, and the only other witness present was not watching the two. AK2 M testified that he was holding a letter opener he had been using to open mail and, not understanding why the appellant had drawn the knife, waved it at the appellant in a non-threatening manner. The appellant then "swung upward" with the knife, cutting AK2 M on the left thumb. In contrast, the appellant testified that AK2 M was holding two letter openers and "lunged forward with his left hand, coming across the top of the knife," cutting AK2 M's left thumb. Both the appellant and AK2 M denied any intent to commit bodily harm or any ill will toward each other. They agreed that they regularly engaged in friendly conversations which sometimes included good-natured bantering. After the incident both characterized it as an "accident." The appellant maintained he had pulled the knife out "basically wanting to show Petty Officer M[___] the knife more than try any other type of actions". The only other witness present testified that he heard the two "playing around" or "skylarking" immediately before the incident, although the appellant and AK2 M denied any "horseplay". AK2 M suffered a severe cut which sliced through skin and tendon to the bone, necessitating several days of hospitalization for AK2 M. At the time of the incident the appellant and AK2 M were in uniform and in the office of AK2 M.

Relying on the appellant's denial of intent to do bodily harm, the defense position is that the cutting was an accident. This theory is not supported by the law, however. An "offer" type of assault, as in this case, may arise out of a culpably negligent act, as well as an intentional act. *Manual for Courts-Martial, United States, 1984* (MCM), Part IV, paragraph 54 *c*(1)(b)(ii). Culpable negligence is a degree of carelessness greater than simple negligence, and is a negligent act accompanied by a culpable disregard for the foreseeable consequences to others of that act. *Id.,* paragraph 44*c*(2)(a)(i). Although at trial the appellant denied making any motion toward AK2 M with the knife, in a pretrial statement the appellant admitted that he "came at him in a playful manner with the open knife." As a result we consider the appellant's denial at trial of dubious credibility. Even if we accept, *arguendo,* the appellant's suggestion that the injury occurred in the course of horseplay, we are convinced that brandishing an open knife in the direction of another at close quarters is a "negligent act accompanied by a culpable disregard for the foreseeable consequences," despite the lack of intent to do harm. Furthermore, the defense of accident is valid only when an injury "occurs as the unintentional and unexpected result of doing a lawful act in a lawful manner." Rule for Courts-Martial 916(f). The appellant's intention is not determinative:

> [A]ccident is not synonymous with unintended injury. A particular act may be directed at another without any intention to inflict injury, but if the natural and direct consequence of the act results in injury, the wrong is not excusable because of accident. *United States v. Femmer,* 14 U.S.C.M.A. 358, 34 C.M.R. 138. Accident is an unexpected act, not the unexpected consequence of a deliberate act. *See United States v. Sandoval,* 4 U.S.C.M.A. 61, 15 C.M.R. 61.

*United States v. Tucker,* 17 U.S.C.M.A. 551, 38 C.M.R. 349, 353 (1968). Under the circumstances we find that the appellant's act of swinging the open knife upwards while in close quarters to AK2 M had the "natural and direct consequence" of cutting him, that it was a culpably negligent

act and thus not done in a lawful manner (even if in jest), and that the injury was the "unexpected consequence of a deliberate act." The characterization of the incident as an "accident" by both the appellant and the victim shows only that it was unintentional. Accordingly, the appellant's culpable negligence was not excusable as an accident.

At trial and before this Court the appellant has suggested that the appellant and the victim were engaged in "horseplay" to the extent that AK2 M abandoned his rank. We see no specific evidence of record (or reasonable inference which could be drawn from the existing evidence) that supports the defense position, especially considering the egregious nature of the conduct required to show abandonment of rank. *See United States v. Richardson*, 7 M.J. 320 (C.M.A.1979) (racial slurs); *United States v. Rozier*, 1 M.J. 469 (C.M.A.1976) (excessive force in arrest); *United States v. Struckman*, 20 U.S.C.M.A. 493, 43 C.M.R. 333 (1971) (invitation to fight).

▮ The appellant also has faulted his conviction for possessing a dangerous weapon. The evidence shows that the appellant may have needed a knife for certain functions in the performance of his work on aviation hydraulic systems. The incident in this case took place in the victim's office, an administrative facility, however, rather then the appellant's workshop, and the appellant specifically testified it was not a government issue knife or government issue tool, so that any explicit or implicit command authorization for possession of a work knife would have been inapplicable. Also, the serious and incapacitating injury suffered by AK2 M constituted "grievous bodily harm," as it involved a "deep" cut, MCM, Part IV, paragraph 54c(4)(a)(iii) (1984), so that the appellant's folding knife, which he "used in a manner likely to produce ... grievous bodily harm," *Id.*, paragraph 54c(4)(a)(i), was a "dangerous weapon."

Therefore, the appellant was properly convicted of wrongfully possessing a dangerous weapon. The findings of guilty and sentence, as approved on review below, are affirmed.