**UNITED STATES, Appellee,**

v.

**Private First Class Todd W. SANDERS, 226–35–1518, United States Army, Appellant.**

**ACMR 9200287**

U.S. Army Court of Military Review.

4 June 1993.

commissioned officer, disrespect to a non-commissioned officer, and wrongfully communicating a threat to a noncommissioned officer, in violation of Articles 128, 91, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 891, and 934 (1982) [hereinafter UCMJ]. The appellant was sentenced to a bad-conduct discharge and reduction to Private E1. The convening authority approved the sentence.

On appeal, the appellant asserts five assignments of error. First, he argues that the record of trial is incomplete, thus rendering the record nonverbatim. Second, he avers that the evidence is insufficient to establish assault on a noncommissioned officer, as the record does not refute the defense of divestiture of status. Third, he maintains that the court members did not follow the military judge's instruction concerning that defense. Fourth, he states that he was denied effective assistance of counsel because counsel did not submit post-trial matters to the convening authority. Lastly, he asserts that his court-martial was without jurisdiction because the military judge was designated in violation of the Appointments Clause of the U.S. Constitution. We have carefully examined the assignments of error and find them to be without merit.

For Appellant: Major Fran W. Walterhouse, JAGC, Captain Beth G. Pacella, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain Louis E. Peraertz, JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

WALCZAK, Judge:

The appellant was tried by a general court-martial composed of officer members. Contrary to his pleas, he was found guilty of assault upon a noncommissioned officer, willful disobedience of an order of a non-

I.

Facts

The charged offenses occurred during the morning of 5 September 1991, when the appellant "fell out" of his unit's physical training run. Sergeant (SGT) S, who was leading the training, ordered the appellant to take the push-up position in order to make up for his deficiencies during the run. SGT S, upon seeing the appellant's section chief, Staff Sergeant (SSG) C, brought the appellant to him. SGT S explained to SSG C the appellant's difficulties with the morning training. SSG C counselled the appellant and ordered him to be at ease when the appellant demanded to see the company first sergeant. The appellant and SSG C went to the first sergeant's office to wait for his arrival. The door was closed, and

what transpired next was contested at trial. The appellant testified that SSG C taunted, pushed, and invited the appellant to strike him while moving forward in a threatening manner. SSG C maintained that he continued to counsel the appellant, that he did not use profanity, and that his hands were behind his back at all times. SSG D, who was outside the first sergeant's office, heard a heated exchange, and entered the room. He stepped between the appellant and SSG C, and when he put his hands between them, the appellant struck SSG C on the side of the face with his fists. SSG C and the appellant wrestled resulting in the appellant sustaining lacerations which required medical treatment.

At issue at trial was whether SSG C divested himself of the status of a noncommissioned officer during the course of morning events.

## II.

### The Trial Record

■ The appellant first contends that there is a substantial omission of the trial proceedings from his record of trial which renders the record nonverbatim in violation of Article 54, UCMJ, 10 U.S.C. § 854, and Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1103(b)(2)(B)(ii). The omission occurred when the court reporter failed to reflect a short recess when the military judge excused the court members, recessed the court, and then called the court to order.

■ The test as to whether an omission from a trial record is a fatal jurisdictional error turns on whether the omission is substantial. *United States v. Gray*, 7 M.J. 296 (C.M.A.1979). Upon close examination of the trial record, we find that the omission is insubstantial. We are satisfied that this omission did not render the record incomplete. *United States v. McCullah*, 11 M.J. 234 (C.M.A.1981). The presumption of prejudice was not raised due to this insub-

stantial omission. *See United States v. Cudini*, 36 M.J. 572 (A.C.M.R.1992); *United States v. Johnson*, 33 M.J. 1017 (A.C.M.R.1991), *petition denied*, 36 M.J. 76 (C.M.A.1992).

## III.

### Instructions

■ Next, the appellant avers that the court members failed to follow the military judge's instructions. The military judge instructed the members that they could find the appellant guilty of assault upon a noncommissioned officer only if they were satisfied beyond a reasonable doubt that SSG C did not abandon his status as a noncommissioned officer. The appellant's argument implies that the court members impeached their finding when they excepted the words "then in the execution of his office," and found the appellant guilty of the lesser included offense of assault upon a noncomissioned officer under Article 128, UCMJ.[1] We disagree.

The military judge correctly instructed the court members on the elements of assault upon a noncommissioned officer in the execution of his duties under Article 91, UCMJ, and the lesser included offense of assault upon a noncommissioned officer under Article 128, UCMJ. He further instructed the panel, that under both Articles, a noncommissioned officer whose language and conduct departs substantially from the required standards appropriate for that rank and position is considered to have abandoned that rank and position. The military judge also explained the meaning of the element "in the execution of his office" for Article 91, UCMJ.

The court members found the appellant guilty of a violation of Article 128, UCMJ, which requires a finding that SSG C was a noncommissioned officer. For this offense, there was, however, no requirement that the panel members find that SSG C was in

---

**1.** The specification as charged reads: "In that [appellant] did ... unlawfully strike [SSG C], a noncommissioned officer, then known by [appellant] to be a noncommissioned officer who was then in the execution of his office, by hit-

ting him on the face, chest, and mid-section, with his fists." Manual for Courts–Martial, United States, 1984, Part IV, para. 15f(1) and 54f(4).

the execution of his duties at the time of the assault. Therefore, we do not believe that the court members impeached their finding.

It is well established that a noncommissioned officer may act in a manner so inappropriate that he abandons his rank and position of authority. *United States v. Noriega,* 7 U.S.C.M.A. 196, 21 C.M.R. 322 (C.M.A.1956); *United States v. Richardson,* 7 M.J. 320 (C.M.A.1979); *United States v. King,* 29 M.J. 885, 886 (A.C.M.R. 1989). It is also well settled that a panel is presumed to have obeyed the instructions given by the military judge absent evidence indicating otherwise. *See United States v. Ricketts,* 1 M.J. 78, 82 (C.M.A.1975). ,,

█ In this case, numerous witnesses observed and heard the escalating dialogue between SSG C and the appellant. The majority testified that they did not observe SSG C depart from his status as a noncommissioned officer. Only two witnesses, Private D and the appellant, testified that SSG C used profanity. From the evidence, the court members could have concluded that there was merely a heated exchange of words. Such an exchange does not establish that a noncommissioned officer abandoned his position of authority. *King,* 29 M.J. at 886.

Accordingly, we will not disturb the findings of the court members who were in a better position to hear and observe the witnesses on this issue. The evidence at trial was both legally and factually sufficient to find the appellant guilty of assault upon a noncommissioned officer. *See United States v. Turner,* 25 M.J. 324 (C.M.A.1987); *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

We are also satisfied that even if we are in error, the appellant suffered no prejudice by this finding. Although the instruction was not given, another lesser included offense under the facts of this case is assault consummated by a battery, styled as an Article 128, UCMJ, offense. It does not require a finding as to the protected status of the victim. The maximum possible punishments for assault upon a noncommis-

sioned officer and assault consummated by a battery are the same.

## IV.

### Divesture of Office

The appellant challenges the findings of guilty to the three specifications of Charge I asserting that SSG C divested himself of the protective mantle of a noncommissioned officer by his actions. The appellant was found guilty of assault in violation of Article 128, UCMJ, and willful disobedience of an order from a noncommissioned officer and disrespect to a noncommissioned officer in violation of Article 91, UCMJ.

For reasons discussed in the prior assignment of error, we give great deference to the court members and their superior position to observe and hear the witnesses. Therefore, considering the evidence in the light most favorable to the prosecution, we are convinced beyond a reasonable doubt of the presence of all of the essential elements of the three offenses. *Jackson,* 443 U.S. at 307, 99 S.Ct. at 2781. Having carefully reviewed the evidence in the record of trial for factual sufficiency, and making allowances for not having personally observed the witnesses, we are convinced of the appellant's guilt beyond a reasonable doubt. UCMJ art. 66(c), 10 U.S.C. § 866(c); *Turner,* 25 M.J. at 325.

## V.

### Effective Assistance of Counsel

█ The appellant asserts that he was denied effective assistance of counsel because his military defense counsel did not submit post-trial matters to the convening authority. In a brief affidavit submitted to this court, the appellant states: "After my court-martial, my trial defense counsel, Captain [omitted], told me that my case was not over because we would submit matters to the convening authority. I was never informed that my counsel would not be submitting post-trial matters."

In response to the appellant's assertion of error, the defense counsel also submit-

ted an affidavit. He recites that he informed the appellant "of the need to get back in contact with [counsel] after the court-martial so that additional matters could be prepared and submitted. However, soon after the court-martial, Private Sanders was not available." Counsel explains that the appellant was disgruntled, and appeared to have totally disassociated himself from his family and counsel. Also, because of his excess leave status pending review of his court-martial, the appellant was no longer in the area. He also relates that he contacted the appellant's unit and the appellant's father in an effort to locate him; however, his whereabouts were unknown. Counsel states that he took the appellant's failure to contact him to mean that he did not wish to submit post-trial matters.

We note the following chronology from the allied papers: The appellant was tried and sentenced on 5 February 1992; he went on excess leave on 12 March 1992; the staff judge advocate's post-trial recommendation is dated 17 April 1992; it was served on the defense counsel the same date; the defense counsel acknowledged receipt and elected not to submit any post-trial matters; and the convening authority took action on 29 April 1992.

■ Under the instant facts, we find that the defense counsel's conduct was not deficient; therefore, the appellant was not denied effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987). A fair conclusion from the affidavits is that the appellant agreed to consult with his counsel following the trial and together they would submit matters to the convening authority. For whatever reason, the appellant did not contact his counsel and assist in this matter. To say that counsel was ineffective because no post-trial matters were submitted is not logical in this case. Counsel very ably defended the appellant on the merits and presented a sound defense. We are unwilling to adopt a *per se* rule that defense counsel must submit post-trial matters, however merito-

rious, in all cases to the convening authority or be deemed ineffective. Each case must be reviewed on its own merits.

## VI.

### Court–Martial Jurisdiction

Lastly, the appellant asserts that his court-martial lacked jurisdiction because the military judge was not designated in accordance with the Appointments Clause of the U.S. Constitution. We disagree. *See United States v. Weiss*, 36 M.J. 224 (C.M.A.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993).

Senior Judge De GIULIO and Judge BAKER concur.

The findings of guilty and the sentence are affirmed.