UNITED STATES, Appellee

v.

Todd W. SANDERS, Private First Class, U.S. Army, Appellant.

No. 93–1520.
CMR No. 9200287.

U.S. Court of Appeals for the Armed Forces.

Argued Jan. 10, 1995.

Decided April 7, 1995.

For Appellant: *Captain Richard E. Burns* (argued); *Colonel Stephen D. Smith, Major Fran W. Walterhouse, Captain Beth G. Pacella, Captain Teresa L. Norris* (on brief); *Lieutenant Colonel James H. Weise.*

For Appellee: *Captain Chris A. Wendelbo* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel James L. Pohl, Major Kenneth T. Grant, Captain Louis E. Peraertz* (on brief); *Colonel John M. Smith.*

*Opinion of the Court*

COX, Judge.

1. Appellant was tried at Fort Bragg, North Carolina, by special court-martial on November 27, 1991, and February 5, 1992. Contrary to his pleas, he was found guilty of willfully disobeying the order of a superior noncommissioned officer, being disrespectful in language to a superior noncommissioned officer, assaulting a superior noncommissioned officer not in the execution of his office, and communicating a threat, in violation of Articles 91, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 891, 928, and 934, respectively. He was sentenced to a bad-conduct discharge and reduction to E–1. The convening authority approved the sentence. The Court of Military Review [1] affirmed this action on June 4, 1993. *See* 37 MJ 628.

1. *See* 41 MJ 213, 229 n. * (1994).

2. On February 23, 1994, this Court granted review of the following issue specified by the Court:

WHETHER THE MILITARY JUDGE COMMITTED PLAIN ERROR IN HIS INSTRUCTION ON THE DEFENSE OF DIVESTITURE OF OFFICE WHEN HE FAILED TO INCLUDE ANY REFERENCE TO EVIDENCE WHICH SHOWED THAT THE VICTIM INVITED APPELLANT TO STRIKE HIM. *SEE UNITED STATES V. STRUCKMAN*, 20 USCMA 493, 43 CMR 333 (1971).

We hold that the military judge did not commit plain error in omitting a specific reference to evidence that may have supported appellant's defense of divestiture. See generally RCM 920, Manual for Courts-Martial, United States, 1984.

3. The charges had their origin in an altercation which occurred after the unit performed physical training. Appellant was counseled for poor performance by his supervisor, a staff sergeant. According to the supervisor and some government witnesses, appellant reacted by willfully disobeying a command to be "at ease," cursing his supervisor, threatening him, and eventually striking him. Appellant and some other witnesses perceived the events differently. The victim was quoted as saying, "You're a grown man. If you want to, go ahead and hit me." Appellant testified that the victim said, "If you want to hit me, here's your chance." The record also contains testimony that the victim used profanity toward appellant and, according to appellant, the victim pushed him and started toward him.

4. In addition to an instruction on self-defense, the military judge instructed on divestiture. *See United States v. Richardson*, 7 MJ 320, 321 (CMA 1979); *United States v. Struckman*, 20 USCMA 493, 43 CMR 333 (1971). Under this theory, the court could not convict appellant of assaulting a noncommissioned officer in the execution of his office

if that noncommissioned officer had acted to abandon that position. The military judge attempted to tailor the instruction to the facts, as follows:

In determining this issue, you must consider all the relevant facts and circumstances, including but not limited to the testimony of the accused that ... [the victim] approached him in a menacing manner and that ... [the victim] addressed him with profane language....

On three other occasions, the military judge reminded the court about the divestiture and referenced the victim's "language and conduct." Nowhere in the instructions does the military judge specifically reference the victim's alleged invitation to the assault. After deliberation, the members found that the victim was not in the execution of his office at the time of the assault and, so, returned a finding of not guilty of assault upon a superior noncommissioned officer in the execution of his office under Article 91, but guilty of assaulting a noncommissioned officer under Article 128.[2]

5. The discussion to RCM 920(e) (Change 2) states that "[t]he military judge may summarize and comment upon evidence ... in instructions," but "should present an accurate, fair, and dispassionate statement of what the evidence shows." *See United States v. Grandy*, 11 MJ 270, 275–78 (CMA 1981). We are unwilling to hold that it is plain error for the military judge to omit a specific mention of the victim's alleged invitation to the assault. The military judge instructed the members to consider *all* the relevant facts and circumstances, and he did not restrict the members to consider only those facts that he specifically mentioned. Unlike the military judge's responsibility to instruct on every defense reasonably raised by the evidence, *United States v. Watford*, 32 MJ 176 (CMA 1991), he does not have an obligation sua sponte to instruct on every fact that may support that defense. It is the

---

**2.** The court apparently decided that the conduct of the victim, at the time of the assault, was such that he was no longer within the execution of his duties, but he had not divested himself of his status as a noncommissioned officer. He had

left his post, but not his stripes. *Cf. United States v. Richardson*, 7 MJ 320 (CMA 1979), and *United States v. Struckman*, 20 USCMA 493, 43 CMR 333 (1971).

responsibility of counsel to object or request additional instructions if there is dissatisfaction with the instructions on the facts. *United States v. Fisher*, 21 MJ 327, 328 (CMA 1986). They did neither.

The decision of the United States Army Court of Military Review is affirmed.[3]

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.

3. The record of trial should have included a list of witnesses and exhibits, and the pages of the record relating to them.