**UNITED STATES**

v.

**Ted W. VALLENTHINE, 545 13 8057 Private First Class (E–2) U. S. Marine Corps.**

**NCM 75 0485.**

U. S. Navy Court of Military Review.

Sentence Adjudged 17 Oct. 1974.

Decided 20 Nov. 1975.

CAPT Paul H. Duvall, USMCR, Appellate Defense Counsel.

CAPT W. David Blunk, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., MURRAY and GLASGOW, JJ.

## DECISION

GLASGOW, Judge:

Contrary to his plea, appellant was found guilty of five offenses in violation of Articles 91 and 128, UCMJ, 10 U.S.C. §§ 891 and 928, and sentenced by military judge sitting alone as a special court-martial to a bad conduct discharge, confinement at hard labor for four months, forfeiture of $150.00 pay per month for four months and reduction to pay grade E–1. The sentence has been approved on review below but the punitive discharge and the confinement have been suspended during a probationary period.

The appellant has assigned the following as errors:

I. THE COURT LACKED JURISDICTION TO PROCEED AGAINST THE ACCUSED.

II. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO PROVE IN SPECIFICATION 1 THAT THE NONCOMMISSIONED OFFICER WAS IN THE EXECUTION OF HIS OFFICE.

### I.

The appellant's testimony in mitigation, in part, is as follows:

"Q. Now, why did you join the Marine Corps?

A. Because I had been a little trouble with the civilian authority's [sic], and they told me if I was to join the Marine Corps they would drop the Charges. I thought I would have a chance to make good of myself and so I did.

"Q. Now, who is they, who told you that?

A. The Contra Costa District Attorney." (R. 46)

Appellant contends that since the government offered no evidence at trial to rebut his statement about charges pending when he enlisted, the enlistment was void and the court had no jurisdiction, citing *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975); *United States v. Barrett*, 23 U.S.C.M.A. 474, 50 C.M.R. 493, 1 M.J. 74 (1975); and *United*

*States v. Bunnell,* 49 C.M.R. 64 (A.C.M.R. 1974). He also points out that the Military Personnel Procurement Manual (MPPM), NCO P1100.61C, ¶ 2110*h,* prohibits enlistment of a person who has criminal charges pending. However, appellant's testimony does not indicate that the government through its recruiter was knowingly a party to the enlistment of the appellant when he was allegedly disqualified for enlistment. *See United States v. Catlow,* 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974).

In response to appellant's contention, government counsel has submitted copies of recruiting documents from appellant's file. They show that appellant had a record of two cases, both handled in juvenile court, viz.:

24 October 1972, Pittsburg, California; petty theft and resisting arrest—took his former girl friend's purse to recover a ring he had given her. Made a ward of the court and released to his parents.

15 December 1972, Pittsburg, California; battery—slapped his mother. Continued as a ward of the court and released to his parents.

28 November 1973; wardship and probation terminated; recruiter recommended a waiver from Director, 12th Marine Corps District, San Francisco, California, for the enlistment of appellant.

30 November 1973; Director, 12th Marine Corps District, San Francisco, California, authorized enlistment and appellant enlisted for three years.

■ It therefore appears that the appellant did not have criminal charges pending at the time he enlisted and that he was not enlisted contrary to the provisions of the procurement manual. We find no merit in the first assignment.

## II.

■ Under Specification 1 of Charge I the appellant stands convicted of striking Corporal M, his superior noncommissioned officer "who was then in the execution of his office." The evidence shows that Corporal M, who was on duty as sergeant of the guard, ordered the appellant, who had been drinking gin and involved in a fight with two other Marines, to go to his cube. Appellant did not go as ordered and Corporal M placed one hand on appellant's shirt collar and the other on the seat of his trousers and walked appellant to his cube. When appellant was released, he struck Corporal M with his fist and kicked him with his feet.

It is contended that in taking appellant to his cube by force, Corporal M departed from his duties and the assault by appellant is not cognizable under Article 90, UCMJ, citing *United States v. Hendrix,* 21 U.S.C.M.A. 412, 45 C.M.R. 186 (1972); *United States v. Struckman,* 20 U.S.C.M.A. 493, 43 C.M.R. 333 (1971); and *United States v. Noriega,* 7 U.S.C.M.A. 196, 21 C.M.R. 322 (1956). We find that none of these cases apply. In *Hendrix* the officer went beyond his duties in searching the accused's belongings for narcotics, seized a letter and was reading it when struck by the accused. In *Struckman* the officer "stepped" out of his official duties and "dared" the accused to hit him. In *Noriega* the officer departed from his duties and was serving as a bartender and "ordered" the accused to drink more, after which the accused raised his hands in a fighting pose.

In the case *sub judice* the noncommissioned officer was carrying out his assigned duties to maintain peace and quiet in the barracks and properly assisted the appellant to his cube when he refused to go on his own. We find no merit in the second assignment.

The findings of guilty and sentence as approved and partially suspended on review below are affirmed.

Chief Judge CEDARBURG and Judge MURRAY concur.