UNITED STATES, Appellee,

v.

Private E-1 Brent L. McDANIEL, SSN
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, United States
Army, Appellant.

SPCM 13583.

U. S. Army Court of Military Review.

26 March 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Major D. David Hostler, JAGC, and Captain Kevin E. O'Brien, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Rolland S. Roup, JAGC, were on the pleadings for appellee.

Before MITCHELL, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

MITCHELL, Senior Judge:

On appeal the defendant has taken dead aim at the time-honored remedy of sobering up the intoxicated soldier by giving him a cold shower. He claims he became verbally abusive, physically aggressive and assaulted his drill sergeant only after the sergeant "gathered a couple of people together, and . . . took him down to the showers and (gave) him a cold shower." [1] Because of the sergeant's misconduct, he argues, his own subsequent conduct did not detract from the authority and person of the noncommis-

1. Contrary to his pleas appellant was convicted of disorderly conduct, disrespect toward a commissioned officer, disrespect toward a noncommissioned officer, assault on a commissioned officer, assault on a noncommissioned officer and assault and battery in violation of Articles 134, 89, 91 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 889, 891 and 928. His approved sentence provides for a bad-conduct discharge and confinement at hard labor for 30 days.

sioned officer within the meaning of Articles 91 (insubordinate conduct) and 128 (assault), Uniform Code of Military Justice. We disagree and affirm.

The appellant, a basic trainee, was creating havoc in a Fort Leonard Wood social club by grabbing, pushing, cursing and threatening club patrons, and by his drunken behavior in general. His conduct was reported to his unit charge of quarters, drill Sergeant Hoelscher, by one of the assaulted victims. Upon his return to his unit, the appellant was confronted by Sergeant Hoelscher, who "read [him] his rights"[2] and ordered him to stand at the position of parade rest. The appellant disobeyed the order and defiantly walked out of the office. The sergeant then telephoned the company commander and explained to him the problem. The commander promised to come to the orderly room as soon as possible and asked the sergeant "in the meantime cool the situation down." With two other soldiers the sergeant took the appellant to the barracks shower room "to try to bring him to." Before entering the shower stall the appellant steadfastly refused to allow anyone to remove his clothing.

When the company commander arrived at the orderly room following the drenching, the sullen appellant continued to use obscene, profane and disrespectful language toward both the sergeant and the commander and assaulted each. Ultimately, he had to be physically subdued and bound.

## I

■ A noncommissioned officer whose own language or conduct, under all the circumstances, departs substantially from the required standards appropriate to his rank and position, under the same or similar circumstances, is deemed to have aban-

doned that rank and position. *United States v. Struckman*, 20 U.S.C.M.A. 493, 43 C.M.R. 333 (1971); *United States v. Noriega*, 2 U.S.C.M.A. 196, 21 C.M.R. 322 (1956); *United States v. Vallenthine*, 2 M.J. 1170 (N.C.M.R.1975); *United States v. Johnson*, 43 C.M.R. 604 (A.C.M.R.1970), *pet. denied*, 20 U.S.C.M.A. 667, 43 C.M.R. 413 (1971).

■ Government appellate counsel argue that the sergeant's conduct, under the circumstances, was neither unreasonable nor improper. We agree. He was confronted with an intoxicated, bellicose and refractory young soldier who had been in the Army but a few weeks. His considered paternalistic decision to employ the time-honored remedy of cold water immersion was, in our view, neither cruel nor demeaning nor did it depart from the standards appropriate to his rank and position. Clearly, Sergeant Hoelscher was striving both to contain, at his commander's request, a potentially explosive situation and to calm down a wildly drunken and disruptive 18-year-old trainee who was about to face his annoyed commander.

## II

We are taught that alcohol is a central nervous system depressant drug. It weakens brain functions of judgment and intellectual discretion. Hallucinosis is not uncommon.[3] Since ingested alcohol is eliminated slowly there is normally a long period of detoxification. "Sobering-up" can in most cases be effectively accelerated by sudden headfirst contact with frigid air or cold water.[4] "The mind of man runneth not back to the contrary" when the unruly or immobile military inebriate was not subject to being summarily drenched with a bucketful of cold water or dunked into a cavalry drinking trough. It is intended to subdue

---

**2.** Article 31, UCMJ, 10 U.S.C. § 831 and *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

**3.** At trial the appellant testified that during the orderly room confrontation he did not know where he was but thought he was back at his home in Alaska.

**4.** *See generally* "Alcoholism" by Louise J. Gorday, M.D. LLB, Chap. 59A, Vol. 3, *Gray's Attorney's Textbook of Medicine*, Matthew Bender (Third Edition) 1978; *Pot and Booze* by J. B. Selby, New England J. Med, 280:1077, May 1969; *Effects of Alcohol on Memory and its Implications on Flying Safety* by R. S. Ryback, Aerospace Med., 41:1193, Oct. 1970.

or revive rather than to chastise; therapeutical rather than degradational. The fact that it did not attain the desired and expected results in the appellant's case does not as a matter of law relegate it to unreasonable conduct on the part of the sergeant. Traditional paternal concern of the noncommissioned officer for the greenhorn recruit is an inculcated sense of interest that should be solicitously guarded. We find the sergeant acted accordingly.

The findings of guilty and the sentence are affirmed.

Judge DRIBBEN and Judge FELDER concur.