UNITED STATES, Appellee,

v.

Raynor T. COOK, Private First Class,
U.S. Army, Appellant.

No. 97–0814.
Crim.App. No. 9502164.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 5, 1998.

Decided Sept. 10, 1998.

For Appellant: *Captain Dirk Gifford* (argued); *Lieutenant Colonel Michael L. Walters* and *Major Leslie A. Nepper* (on brief); *Colonel John T. Phelps, II*.

For Appellee: *Captain Arthur J. Coulter* (argued); *Colonel Joseph A. Ross, Lieutenant Colonel Frederic L. Borch, III,* and *Captain Chris A. Wendelbo* (on brief); *Captain John M. Bergen*.

*Opinion of the Court*

EFFRON, Judge:

A special court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of violating a lawful general regulation by possessing a knife with a blade longer than three inches and wrongful possession of marijuana with intent to distribute, in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 USC §§ 892 and 912a, respectively. He was sentenced to a bad-conduct discharge, confinement for 3 months, and reduction to the lowest enlisted grade. The convening authority approved these results. The Court of Criminal Appeals, in an unpublished opinion, affirmed the findings with respect to the marijuana offense, set aside the findings with respect to the knife offense, and affirmed the sentence.

On appellant's petition, we granted review of the following issues:

I. WHETHER COL SHIELDS, MAJ WILSON, MAJ CHILDRESS, MSG NICHOLSON, AND SGT FISH WERE PROPERLY SELECTED AND DETAILED AS MEMBERS OF APPELLANT'S COURT–MARTIAL PANEL SINCE THE CONVENING AUTHORITY'S DELEGATE EXCUSED MORE THAN ONE–THIRD OF THE TOTAL NUMBER OF MEMBERS ORIGINALLY DETAILED TO APPELLANT'S COURT–MARTIAL, IN VIOLATION OF RCM 505(c)(1)(B)(ii).

II. WHETHER APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE INTERLOPERS SERVED AS MEMBERS OF THE COURT–MARTIAL PANEL.

We also specified the following issue:

WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED WHEN IT SET ASIDE APPELLANT'S CONVICTION FOR VIOLATING A LAWFUL REGULATION BUT NEVERTHELESS AFFIRMED THE SENTENCE AS ADJUDGED.

For the reasons below, we uphold the decision of the Court of Criminal Appeals as to the granted issues but remand the case to the Court of Criminal Appeals as to the specified issue.

## I.

■ The members of a court-martial panel are detailed for such service by the convening authority. Art. 25(d)(2), UCMJ, 10 USC § 825 (d)(2). Prior to assembly of the court-martial, the convening authority has unfettered power to excuse any member of the court from participating in the case. Art. 25(e). Congress has authorized the convening authority to delegate excusal authority to his or her staff judge advocate, legal officer, or any other principal legal assistant, subject to such regulations as may be prescribed. *Id.* The President, in the Manual for Courts-Martial, United States (1995 ed.), has provided that "no more than one-third of the total number of members detailed by the convening authority may be excused by the convening authority's delegate in any one court-martial." RCM 505(c)(1)(B)(ii).

Appellant contends that,

[i]n the instant case, the convening authority delegated to the staff judge advocate the authority to excuse individual members from courts-martial for an indefinite period of time.... The staff judge advocate, through his delegated trial counsel at appellant's court-martial, then excused five of the nine panel members detailed to appellant's court-martial on court-martial convening order number 5, dated April 26, 1995.... The staff judge advocate did so despite RCM 505(c)(1)(B)(ii)'s clear directive that he could not excuse more than three of the detailed panel members.

Final Brief at 4–5.

The Government disputes appellant's calculations, noting that a total of thirty-one members were detailed for service, including thirteen on the primary list and eighteen on the convening authority's approved list of alternates. According to the Government, seven members were excused (five from the primary order and two from the alternate list), which is less than one-third of the total of thirty-one.

The present dispute about the composition of the panel, however, did not concern appellant at trial. At the outset of the proceeding, when trial counsel suggested a brief delay to receive a facsimile transmission of a "vicing order," which would have set forth the excusals and substitutions in writing, the defense offered no objection to verbal excusals. When the specific excusals and substitutions were announced, the defense did not object. Both sides had ample opportunity for *voir dire*, challenges for cause, and peremptory challenges. Appellant's sole challenge for cause was granted, and both sides exercised a peremptory challenge.

Not only did defense counsel fail to object in any manner to the process of excusal and substitution, he emphasized his understanding that the court had been composed by the convening authority when he asked the members, during *voir dire*: "Do all of you agree that *you were chosen by the convening authority to sit here today* and render a fair verdict, that there's no expectation of what type of verdict that may be?"

■ In light of appellant's failure to object, we need not resolve the computational dispute between the appellant and the Government as to whether the convening authority actually excused more than one-third of the members in this case. The one-third rule does not involve a matter of such fundamental fairness that jurisdiction of the court-martial would be lost without an express waiver on the record. Any error with respect to such an administrative matter must be tested for prejudice. *Cf. United States v. Gebhart*, 34 MJ 189 (CMA 1992); *see generally United States v. Jette*, 25 MJ 16 (CMA 1987).

In connection with consideration whether the error, if any, constituted plain error that would survive his failure to object, we note that appellant does not argue that he was prejudiced by the excusal and substitution process, and nothing in the record indicates that these actions caused him any harm. There is nothing to indicate that, at the outset of trial, he was dissatisfied with the panel or that he wanted to give the convening authority an opportunity to alter its composition. Under these circumstances, any error by the staff judge advocate was not plain error and was waived.

## II.

■ With respect to the second granted issue, appellant also asserts that any substitute members who replaced excusals beyond the one-third permitted in RCM 505(c)(1)(B)(ii) were "interlopers" who should not have served on the court-martial panel. Appellant argues that

> [t]wo of the five members listed originally on court-martial convening order number five were improperly removed from appellant's court-martial because of the RCM 505(c)(1)(B)(ii) violation by the staff judge advocate. Therefore, two of the five soldiers selected as alternatives originally were then erroneously detailed to the court-martial as interlopers. The proceedings in appellant's case never should have taken place.

Final Brief at 5.

Even if the staff judge advocate improperly excused more than one-third of the members, that alone would not make any of the substitutes "interlopers" as that term has been used with respect to the composition of courts-martial. The term "interlopers" was used by Judge Ferguson in his separate, concurring opinion in *United States v. Harnish*, 12 USCMA 443, 444, 31 CMR 29, 30 (1961), to refer to members who sat on a court-martial but who had not been appointed by the convening authority to do so. *See also United States v. Padilla*, 1 USCMA 603, 5 CMR 31 (1952). In the present case, in which appellant filed no assignments of error in the Court of Criminal Appeals, that court on its own motion examined the issue of whether any members were interlopers. The Court of Criminal Appeals—after reviewing the record of trial, a certificate of correction filed by the military judge under RCM 1104(d), appellate exhibits, and the briefs of the parties—concluded that "all members of the appellant's court-martial were properly selected by the convening authority and that no interlopers participated in the proceedings." Unpub. op. at 2. Under these circumstances, any error by the staff judge advocate in excusing more than one-third of the members did not transform the substitute members into "interlopers."

## III.

■ Appellant was tried and convicted of violating a lawful general regulation by possessing a knife with a blade longer than three inches. On appeal to the Court of Criminal Appeals, appellant successfully argued that the evidence was legally and factually insufficient to support his conviction. The lower court set aside the findings of guilty and dismissed both the specification and the Charge. After reassessing the sentence on the basis of the entire record and considering the error, that court affirmed the sentence.

Appellant asserts that his substantial rights were materially prejudiced during his sentencing hearing because the members were allowed to consider the conviction of the dismissed Charge when determining an appropriate punishment. He points out that, when prejudicial error is found, the Court of Criminal Appeals must determine whether it can reassess a sentence on its own or whether it should order a new sentencing hearing. He argues that, when the Court of Criminal Appeals set aside one of his convictions and dismissed that Charge, it could not have reasonably determined which portion of his punishment had resulted from the erroneous conviction and that the court erred when it reassessed his sentence rather than ordering a new sentencing hearing.

■ In considering the merits of appellant's position, we review the action of the Court of Criminal Appeals for an abuse of discretion. Article 66(c), UCMJ, 10 USC § 866(c) (1994), provides that the Court of Criminal Appeals, in considering the record of a court-martial, may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact. It may affirm only such findings of guilty and the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. Article 59(a), UCMJ, 10 USC § 859(a), provides, "[A] finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused."

■ When a Court of Criminal Appeals reassesses a sentence because of prejudicial error, its task differs from that which it performs in the ordinary review of a sentence. When prejudicial error has occurred in a trial, the court must assure not only that it deems the sentence to be appropriate to the affirmed findings of guilty but also that the sentence is no greater than that which would have been imposed at trial if the prejudicial error had not been committed. *United States v. Suzuki,* 20 MJ 248, 249 (CMA 1985).

■ In *United States v. Sales,* 22 MJ 305, 307 (1986), we held that, when the lower appellate court concludes it cannot reliably determine what sentence would have been imposed at the trial level if the error had not occurred, a rehearing on sentence is in order. However, on occasions where the lower court is convinced that the accused's sentence would have been at least of a certain magnitude, even if no error had occurred at trial, the court may remedy the error by reassessing the sentence itself or by deciding that the error was not prejudicial. *Id.*; see Art. 59(a). If, in doing so, the court affirms the sentence originally adjudged, the court is required to specifically determine that the original sentence was not affected by the military judge's error at trial. *Sales,* 22 MJ at 309. "In making its decision, the court must be careful not to substitute its own judgment for that of the sentencing authority." *United States v. Jones,* 39 MJ 315, 317 (CMA 1994); *see United States v. Reed,* 33 MJ 98 (CMA 1991).

The decision below does not make it clear whether the court determined that the sentence was both appropriate and free of all prejudice caused by the trial error. Therefore, remand to that court is necessary.

## IV.

The decision of the United States Army Court of Criminal Appeals is affirmed as to findings but is set aside as to sentence. The record of trial is returned to the Judge Advocate General for remand to the Court of Criminal Appeals for further consideration consistent with this opinion. Thereafter, Article 67, UCMJ, 10 USC § 867 (1994), shall apply.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.