**UNITED STATES**

v.

**David W. DAWSON, 525 67 2828, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 98 01049.**

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 3 Dec. 1997.

Decided 5 March 1999.

LCDR Patricia M. Sulzbach, JAGC, USN, Appellate Defense Counsel.

Maj Troy D. Taylor, USMC, Appellate Government Counsel.

Before DORMAN, Senior Judge, and TROIDL and ROLPH, Appellate Military Judges.

TROIDL, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of conspiracy to commit larceny and two specifications of larceny, in violation of Articles 81 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 921 (1994).[1] The adjudged sentence included a bad-conduct discharge, confinement for one year, and reduction to pay grade E-1. The convening authority approved the sentence as adjudged, but suspended all confinement in excess of eight months in accordance with the terms of a pretrial agreement.

We have carefully reviewed the record of trial, the appellant's assignments of error, and the Government's response. Except as discussed below, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## Background

The appellant was assigned to his unit's supply office where he worked under GySgt Szczepanski, the unit's Supply Chief. GySgt Szczepanski was able to stretch the unit's budget by obtaining various supplies from the Defense Reutilization Marketing Office (DRMO) at little or no expense to his unit. Unfortunately, GySgt Szczepanski turned this good idea into an illegal venture by giving items obtained from the DRMO that were in excess of the unit's needs, or were of no value to the unit, to individuals (including himself) for their personal use. On occasion, rather than giving items to specific individuals, GySgt Szczepanski would simply announce that they were "up for grabs," or, in other words, available to anyone in the unit who wanted them. Seeing his superiors engaging in this activity,[2] although knowing it was improper, the appellant elected to benefit from GySgt Szczepanski's largess with the Government's military property.

During the period November 1996 through April 1997, the appellant took from his unit's spaces, for his own personal use or to give away to others, miscellaneous items of military property which GySgt Szczepanski had said were "up for grabs". The total value of these items exceeded $100. [These facts form the basis of the Additional Charge alleging larceny of military property.]

About this same time, GySgt Szczepanski ordered and received a number of Vietnam

---

1. The appellant plead not guilty to knowingly receiving stolen property in violation of Article 134, UCMJ. This charge was dismissed upon the Government's motion prior to the entry of findings. The property listed in the dismissed charge was not the same property to which the conspiracy and larceny offenses related.

2. The appellant testified that many senior individuals, including officers, benefited from GySgt Szczepanski's misconduct.

era grenade launchers from the DRMO. He kept for himself some of the launchers, which were still operational but not usable by his unit, and distributed the rest to other individuals. In January or February 1997, GySgt Szczepanski invited the appellant to his off-base residence. While the appellant was at the residence, GySgt Szczepanski gave him four of the launchers, telling the appellant to store them at the appellant's home in New Mexico for two years before doing anything with them. The reason for the delay was to ensure the items were no longer carried as missing on any military inventories, thus reducing the risk the items could be identified as stolen property. The appellant testified that he viewed the launchers as antiques and intended to mount and present them to members of his family who had served in the military. There is no indication that the appellant intended to return the launchers to, or was secreting them for, GySgt Szczepanski. [These facts form the basis of the alleged conspiracy to commit larceny under Charge I and the alleged larceny under Charge II.]

### Improvident Plea to Conspiracy

In his first assignment of error, the appellant asserts that his guilty plea to conspiring with GySgt Szczepanski to steal the grenade launchers was improvident. He claims that GySgt Szczepanski had already stolen the four grenade launchers before they agreed that the appellant would transport the four launchers to New Mexico and hold them for two years. As a result, the appellant argues that he could not conspire to steal that which his alleged co-conspirator had already stolen.

■■■ A military judge may not accept a guilty plea to an offense without inquiring into its factual basis. *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969); Art. 45(a), UCMJ. Before accepting a guilty plea, the military judge must explain the elements of the offense and ensure that a factual basis for the plea exists. *United States v. Faircloth*, 45 M.J. 172 (1996); *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980). Mere conclusions of law recited by the accused are insufficient to provide a factual basis for a guilty plea. *United States v. Outhier*, 45 M.J. 326, 331 (1996);

*United States v. Terry*, 21 C.M.A. 442, 45 C.M.R. 216, 1972 WL 14158 (1972). The accused must be convinced of, and able to describe, all the facts necessary to establish guilt. Acceptance of a guilty plea requires the accused to substantiate the facts that objectively support his plea. *United States v. Schwabauer*, 37 M.J. 338, 341 (C.M.A. 1993); RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.).

■■■ A military judge may not "arbitrarily reject a guilty plea." *United States v. Penister*, 25 M.J. 148, 152 (C.M.A.1987). The standard of review to determine whether a plea is provident is whether the record reveals a substantial basis in law or fact for questioning the plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991). Such rejection must overcome the generally applied waiver of the factual issue of guilt inherent in voluntary pleas of guilty. The only exception to the general rule of waiver arises when an error prejudicial to the substantial rights of the appellant occurs. R.C.M. 910(j); Art. 59(a), UCMJ.

In our review of the record, we determined that the military judge accurately listed the elements and defined the terms contained in the elements for the offenses to which appellant plead guilty. We also determined that the appellant indicated an understanding of the elements of the offenses and the legal definitions, and stated they correctly described the offenses he committed.

■■■ A conspiracy requires that the agreement which is the core of the conspiracy must exist before the intended offense is complete. *See United States v. Matias*, 25 M.J. 356, 362 (C.M.A.1987), *cert. denied* 485 U.S. 968, 108 S.Ct. 1242, 99 L.Ed.2d 441 (1988); MCM, Part IV, ¶5b (1995 ed.).

■■■ We turn then to the question of when the crime of larceny is complete. In *United States v. Hubbard*, 28 M.J. 203, 205 (C.M.A. 1989), our superior court stated that:

> In *United States v. Seivers*, 8 MJ 63, 65 (CMA 1979), this Court said, "It is well settled that the larceny continues until such time as its fruits are secured in a

place where they may be *appropriated to the use of the perpetrator of the scheme.*" (Emphasis added.) Earlier, in *United States v. Escobar,* 7 MJ 197, 199 (CMA 1979), this Court cited a passage from *United States v. Barlow,* 152 U.S.App. D.C. 336, 470 F.2d 1245, 1253 (D.C.Cir. 1972), which similarly stated:

> The crime of larceny obviously continues as long as the asportation continues and the original asportation continues at least so long as the perpetrator of the crime indicates by his actions that he is dissatisfied with the location of the stolen goods immediately after the crime and with no more than a few minutes delay causes another to continue the asportation. In this light, a belated final disposition of purloined items by the thief to a third party cannot reasonably be considered asportation. See *United States v. Graves,* 20 M.J. 344, 346 (C.M.A.1985).

In this case, the appellant admitted to all of the elements of the charged conspiracy and was more than willing to accept responsibility for that offense. However, the record contains information inconsistent with his plea and strongly indicates that GySgt Szczepanski was giving the appellant part of the cache of launchers that GySgt Szczepanski had already stolen, along with instructions on what to do in order to minimize the risk of discovery. Having reviewed the entire record, we find that the military judge failed to adequately resolve these inconsistencies and that there is a substantial basis in law and fact for questioning the appellant's guilty plea to the conspiracy charge. Accordingly, we find that the plea to that charge was improvident, and that the error materially prejudiced the appellant's substantial rights.

## Improvident Plea to the Larcenies

In his second assignment of error, the appellant contends that his pleas of guilty to the two larceny offenses were likewise improvident because each larceny was complete by the time the appellant received the stolen property. We apply the same standard of review stated above. We must determine whether each of these offenses was completed prior to the appellant's involvement with the respective military property.

Looking first at the larceny of the four grenade launchers, we again find that the military judge failed to resolve inconsistencies concerning whether the asportation (and thus the larceny) of this military property was completed, or continuing, at the time the appellant received it. The record clearly supports the appellant's guilt of having knowingly received the stolen launchers in violation of Article 134, UCMJ, which is not a lesser-included offense of larceny of military property.

▬▬ In *United States v. Epps,* 25 M.J. 319, 323 (C.M.A.1987), our superior Court held that "if an accused pleads guilty and then at the providence inquiry, he gives sworn testimony which clearly establishes his guilt of a different but closely-related offense having the same maximum punishment, we may treat that accused's pleas of guilty as provident." [3] In *Hubbard,* 28 M.J. at 206, our superior Court found a plea of guilty to larceny a crime "closely-related" to receiving stolen property, noting that in *United States v. Wright,* 22 M.J. 25, 27 (C.M.A.1986), the court affirmed findings of guilty for "closely-related" crimes when the authorized sentence was substantially similar to that which an accused could receive had he been found guilty of the proper crime.[4] Finding that larceny of military property is a crime "closely-related" to receiving stolen property and that both offenses have substantially similar authorized sentences,[5] we find the appellant's guilty plea provident.

3. In *Epps,* the accused plead guilty at a special court-martial to larceny. The Court found his pleas established his guilt of the closely related offense of receipt of stolen property and affirmed the findings with a modification only to the value of the stolen property due to an unrelated deficiency in the providence inquiry.

4. *Hubbard* involved a general court-martial at which the authorized confinement for larceny was five years. The authorized confinement for the receipt of stolen property was three years or six months based upon the value of the property.

5. In *United States v. Reap,* 39 M.J. 653 (N.M.C.M.R.1993), this court found the violation of a general regulation under Article 92, UCMJ,

As for the remaining larceny of military property of a value greater than $100 (Additional Charge), we find that although GySgt Szczepanski made this military property available to the appellant, the record supports the conclusion that it was the appellant who actually stole the property. We do not find a substantial basis in law or fact for questioning this plea.

### Findings

Accordingly, we affirm only the findings of guilty as to the two larceny offenses (Charge II and its specification and the Additional Charge and its specification).

### Sentence

When we find a prejudicial error at trial, we must assure not only that we deem the sentence to be appropriate to the affirmed findings of guilty but also that the sentence is no greater than that which would have been imposed at trial if the prejudicial error had not been committed. *United States v. Cook*, 48 M.J. 434, 438 (1998) (citing *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A.1985)).

If we were unable to reliably conclude what sentence would have been imposed at trial, if the error had not occurred, a rehearing on sentence would be in order. *Cook*, 48 M.J. at 438 (citing *United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986)). However, on those occasions where we are convinced that the appellant's sentence would have been at least of a certain magnitude, even if no error had occurred at trial, we may remedy the error by reassessing the sentence itself or by deciding that the error was not prejudicial. *Cook*, 48 M.J. at 438; *see* Art. 59(a), UCMJ.

Having carefully reviewed the entire record, we are confident that we can reliably determine what sentence would have been imposed at trial, even if the appellant's improvident plea to the conspiracy charge had been rejected. In making this determination, we note that even after modification of the findings, the offenses of which the appellant was convicted are serious. The maximum authorized punishment for those offenses is a dishonorable discharge, confinement for 13 years,[6] total forfeitures and reduction to pay grade E–1.[7] By all accounts, the appellant was a highly respected Marine who was given important responsibilities within the Supply Office. Unfortunately, rather than living up to those responsibilities and taking meaningful efforts to stop the illegal activities of his superior, he chose to benefit from them.

To reassess at this level we must be able to determine what his sentence would have been if the error at trial had not occurred. Having done so, and based upon the nature and seriousness of the offenses and the record and potential of the offender, we hereby affirm only so much of the sentence as provides for confinement for eight months, reduction to pay grade E–1, and a bad-conduct discharge.

Senior Judge DORMAN and Judge ROLPH concur.

---

an offense authorizing two years confinement, closely related to an offense involving captured or abandoned property under Article 103, UCMJ, which authorized five years or six months confinement based upon the value of the property. In *United States v. Shavrnoch*, 49 M.J. 334 (1998) and *United States v. Bivins*, 49 M.J. 328 (1998), our superior Court found the violation of a general regulation under Article 92, UCMJ, an offense authorizing two years confinement, closely related to dereliction of duty under that same article, an offense authorizing either six or three months confinement depending on whether the dereliction was willful or negligent. Negligent dereliction of duty does not authorize the imposition of a punitive discharge.

**6.** We used the authorized period of confinement for receiving stolen property in arriving at this figure.

**7.** The offenses to which the appellant plead guilty at trial authorized the same maximum punishment except that they authorized confinement for **30** years. For those original offenses, the military judge awarded the appellant a bad-conduct discharge, confinement for one year, and reduction to pay grade E–1.