# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, K.M. MCDONALD, M.C. HOLIFIELD**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## ALLEN J. SOLOMON
## PRIVATE FIRST CLASS (E-2), U.S. MARINE CORPS

### NMCCA 201100582
### GENERAL COURT-MARTIAL

**Sentence Adjudged**: 9 September 2013.
**Military Judge**: LtCol C.J. Thielemann, USMC.
**Convening Authority**: Commanding General, 1st Marine Logistics Group, Marine Forces Pacific, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation**: LtCol E.J. Peterson, USMC.
**For Appellant**: LCDR Ryan C. Mattina, JAGC, USN.
**For Appellee**: LCDR Jeremy Brooks, JAGC, USN; Maj Crista D. Kraics, USMC.

### 21 August 2014

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

This case is before us for a second time. The appellant was originally convicted of violating a lawful general order, wrongful use of a controlled substance, abusive sexual contact, indecent conduct, drunk and disorderly conduct, and obstruction of justice in violation of Articles 92, 112a, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. § 892, 912a, 920,

and 934. The appellant was sentenced to six years' confinement, reduction to pay grade E-1, total forfeiture of pay and allowances, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged, and, except for the dishonorable discharge, ordered it executed.

In our initial decision, *United States v. Solomon*, No. 201100582, 2012 CCA LEXIS 291, unpublished op. (N.M.Ct.Crim.App. 31 July 2012), this court set aside a finding of guilty as to the two specifications under Article 134, UCMJ, for failure to state the terminal element, dismissed those specifications, and affirmed the remaining findings of guilty. We also reassessed the sentence and affirmed a sentence of confinement for four years and the remainder of the approved sentence.

The Court of Appeals for the Armed Forces reversed this court's decision as to the abusive sexual contact and indecent conduct specifications, affirmed the remaining findings, set aside the sentence, and authorized a rehearing. *United States v. Solomon*, 72 M.J. 176, 183 (C.A.A.F. 2013).

On rehearing, a military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification each of abusive sexual contact, indecent exposure, and drunk and disorderly conduct in violation of Articles 120(h), 120(n), and 134, UCMJ. The appellant was sentenced to confinement for five years and six months, reduction to pay-grade E-1, and a dishonorable discharge.[1] In accordance with the pretrial agreement, the CA disapproved confinement in excess of time served (977 days), approved the remainder of the adjudged sentence and, except for the dishonorable discharge, ordered the sentence executed.

The appellant now alleges two assignments of error: (1) that the indecent exposure and abusive sexual contact charges constitute an unreasonable multiplication of charges; and, (2) that appellant's sentence was inappropriately severe.

After reviewing the record of trial and the pleadings of the parties, we hold that the appellant's conviction for indecent exposure is an unreasonable multiplication of charges with the abusive sexual contact offense; we take corrective action in our decretal paragraph. After our corrective action, we find the remaining findings of guilty and approved sentence

---

[1] The military judge also considered the appellant's violations of Articles 92 and 112a, UCMJ, when determining this sentence.

correct in law and fact, and no errors materially prejudicial to the substantial rights of the appellant remain.  Arts. 59(a) and 66(c), UCMJ.

## Factual Summary

In the early morning of 17 December 2010, the appellant pulled Lance Corporal (LCpl) K's belted jeans down to his ankles, along with his boxer shorts.  LCpl K, the appellant's roommate, was asleep at the time.  The appellant lay on top of LCpl K and rubbed his exposed genitals against LCpl K's.  LCpl K pushed the appellant off and asked what he was doing.  The appellant did not respond, but returned to his own bed.  LCpl K turned on the light, pulled up his pants, and walked over to the appellant's bed to confront him.  The appellant was lying on the bed naked and clutching a cell phone to his chest.  LCpl K took the phone from the appellant and found three photos of his exposed genitals.  After a struggle with LCpl K, appellant deleted the photos in front of LCpl K, who then immediately reported the incident.  The appellant had been drinking that evening and had ingested ecstasy, a Schedule I controlled substance.

## Unreasonable Multiplication of Charges

In his first assignment of error, the appellant avers that the abusive sexual contact and indecent exposure specifications constitute an unreasonable multiplication of charges.  We agree.

The prohibition against unreasonable multiplication of charges allows this court to address prosecutorial overreaching by imposing a standard of reasonableness.  *United States v. Paxton*, 64 M.J. 484, 490 (C.A.A.F. 2007); *United States v. Roderick*, 62 M.J. 425, 433 (C.A.A.F. 2006).  In addressing whether the Government has unreasonably multiplied charges, we apply a five-part test: (1) did the accused object at trial; (2) is each charge and specification aimed at distinctly separate criminal acts; (3) does the number of charges and specifications misrepresent or exaggerate the appellant's criminality; (4) does the number of charges and specifications unreasonably increase the appellant's punitive exposure; and, (5) is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges? *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001).  When conducting a *Quiroz* analysis, we are mindful that "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges

3

against one person."  RULE FOR COURTS-MARTIAL 307(c)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

At trial, the appellant did not object to the charges as being unreasonably multiplied even though the pretrial agreement contained no provision which required him to affirmatively waive any motions.  *See* Appellate Exhibit II.  This factor weighs heavily in favor of the Government,

The second and third criteria favor the appellant.  The military judge's pprovidence inquiry into the indecent exposure charge involved the same factual scenario as the sexual contact charge.  Record at 52.  Here, the appellant exposed himself in order to affect the sexual contact with LCpl K.  What was one transaction became the basis of two separate charges.  The appellant also satisfies the fourth criterion: he faced one additional year of confinement once convicted of the indecent exposure offense.  MANUAL FOR COURTS-MARTIAL, UNITED STATES (2008 ed.), App. 12.

The last factor also favors the appellant.  While the elements of the two subject specifications differ, suggesting no prosecutorial overreaching or abuse, we recognize that this one transaction has been parsed into component parts in order to allege two offenses.  The Government also brought this charge against the appellant on rehearing even though the military judge at the appellant's original trial dismissed the indecent exposure charge as "multiplicious"[2] with the sexual contact charge.  Record of 11 July 2011 at 426; Staff Judge Advocate's Pretrial Advice of 29 July 2013 at 2.

Accordingly, Specification 2 of the Third Additional Charge must be dismissed as an unreasonable multiplication of charges with Specification 1 of that Charge.

### Sentence Reassessment

Having dismissed Specification 2 of the Third Additional Charge, we must also determine whether to reassess the sentence in accordance with the principles set forth in *United States v. Cook*, 48 M.J. 434, 438 (C.A.A.F. 1998).  "A 'dramatic change in the penalty landscape' gravitates away from the ability to

---

[2] This dismissal comports with a dismissal for unreasonable multiplication of charges rather than with the doctrine of multiplicity connected to the constitutional prohibition against double jeopardy.  *See United States v. Campbell*, 71 M.J. 19 (C.A.A.F. 2012) (comparing unreasonable multiplication of charges with multiplicity).

4

reassess" a sentence. *United States v. Buber*, 62 M.J. 476, 479 (C.A.A.F. 2006) (quoting *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003)). Upon reassessment, we conclude that there has not been a dramatic change in the penalty landscape as a result of our action, and that the sentence as adjudged and approved is appropriate and no greater than would have been adjudged but for the error noted. *Id.*

## Sentence Severity

In his other assignment of error, the appellant contends that his sentence is inappropriately severe. The appellant requests that this court affirm a bad-conduct discharge rather than a dishonorable discharge.

"Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular appellant 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

After reviewing the entire record, we find that the sentence is appropriate for this offender and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling*, 14 M.J. at 268.

## Conclusion

The finding of guilty of Specification 2 of the Third Additional Charge is set aside and that specification is dismissed. The remaining findings are affirmed. The sentence as approved by the CA is affirmed.

For the Court

R.H. TROIDL
Clerk of Court