# UNITED STATES NAVY-MARINE CORPS
## COURT OF CRIMINAL APPEALS
## WASHINGTON, D.C.

**Before**
**J.A. FISCHER, D.C. KING, M.G. MILLER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**TRAVIS W. WORLEY**
**CORPORAL (E-4), U.S. MARINE CORPS**

**NMCCA 201400381**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 29 July 2014.
**Military Judge:** LtCol Valerie Danyluk, USMC.
**Convening Authority:** Commanding Officer, Chemical Biological Incident Response Force, Indian Head, MD.
**Staff Judge Advocate's Recommendation:** LtCol G.W. Riggs, USMC.
**For Appellant:** CAPT Jill R. James, USN.
**For Appellee:** Mr. Brian K. Keller, Esq.

**23 April 2015**

---------------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

MILLER, Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of making a false official statement, one specification of larceny, and one specification of forgery in violation of Articles 107, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, and 923. The military judge sentenced the appellant to confinement for eleven months, reduction to pay grade E-1, forfeiture of $500.00 pay per month

for twelve months, and a bad-conduct discharge.  The convening authority (CA) disapproved the adjudged forfeitures but otherwise approved the sentence as adjudged.  Pursuant to a pretrial agreement the CA suspended all confinement adjudged for twelve months from the date of the convening authority's action, and disapproved all forfeitures adjudged.  However, the pretrial agreement did not include an agreement that confinement would be deferred from the date of sentencing (29 July 2014) until the date of the CA's action (1 October 2014), a period of 64 days.  As a result, by the date of the CA's action 64 days of adjudged confinement had already run and could not be suspended.  *See* RULE FOR COURTS-MARTIAL 1113(e)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).  We will take corrective action in our decretal paragraph.

Although submitted without assignment of error, we find the appellant's guilty plea to larceny under the specification of Charge II improvident as to the dates of the offense.  After taking corrective action in our decretal paragraph, we conclude that the remaining findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains.  Arts. 59(a) and 66(c), UCMJ.

### Improvident Plea

Before accepting a guilty plea, the military judge must find there is a sufficient factual basis to satisfy each and every element of the pled offense.  *United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969).  The standard of review to determine whether a plea is provident is whether the record reveals a substantial basis in law or fact for questioning the plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

The appellant was charged with and pled guilty to larceny of military property by stealing government Basic Allowance for Housing payments (BAH) in excess of $40,000.00 between on or about 5 October 2011 and on or about 31 October 2013.  As alleged, this offense has four elements: (a) That between on or about 5 October 2011 and on or about 31 October 2013, the appellant wrongfully took, withheld or obtained certain property, to wit: BAH payments in U.S. currency; (b) that the property belonged to the United States Government; (c) That the property was of a value in excess of $40,000.00; and (d) that the taking, withholding or obtaining was with the intent to permanently deprive or defraud the United States Government of the use and benefit of the property or permanently to

2

appropriate the property to his own use or the use of someone other than the owner.  MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part IV, ¶ 46b(1).

The impetus for the charge was that the appellant continued to collect BAH at the with dependents rate (BAH-D) even though his wife had obtained a legal divorce on 05 October 2011, which ended the appellant's entitlement to BAH-D.  However, the appellant informed the military judge that he was not aware that he was divorced, and therefore not aware he was not entitled to BAH-D, until June of 2012.  We therefore have "a substantial basis in law or fact for questioning the providency of the appellant's plea" that he was guilty of larceny by taking before this period.  That stated, the military judge explained larceny by withholding and elicited a sufficient factual basis to support the appellant's plea of guilty to that offense commencing on June 2012.  We therefore find the appellant providently pled guilty to larceny of the specified amount.

We therefore affirm only so much of the specification that alleges as follows:  "In that Corporal Travis W. Worley, U.S. Marine Corps, on active duty, did, at or near Chemical Biological Incident Response Force, Indian Head, Maryland, between on or about June 2012 and on or about 31 October 2013, steal Basic Allowance for Housing payments, a value in excess of forty-thousand dollars ($40,000.00), U.S. currency, the property of the United States Government."

## Conclusion

The finding of guilty as to the Specification of Charge II as excepted and substituted and the remaining findings of guilty are affirmed.  We have reassessed the sentence in accordance with *United States v. Cook*, 48 M.J. 434, 438 (C.A.A.F. 1998), *United States v. Peoples*, 29 M.J. 426, 428 (C.M.A. 1990), and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986).  Taking into account the appellant's conduct in committing the affirmed offense as well as the offenses to which he providently pled guilty, we are satisfied that the military judge would have adjudged no lesser sentence for the affirmed charges and specifications.  Accordingly, we affirm the sentence as approved by the CA.

3

The supplemental court-martial order will reflect that all confinement in excess of 64 days was suspended for a period of twelve months from 1 October 2014.

Senior Judge FISCHER and Judge KING concur.


For the Court



R.H. TROIDL
Clerk of Court