*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
CRISFIELD, HITESMAN, and FOIL,
Appellate Military Judges

———————

**UNITED STATES**
Appellee

**v.**

**Christien S. ADDISON**
Corporal (E-4), U.S. Marine Corps
Appellant

**No. 201800272**

Decided: 11 February 2020.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Lieutenant Colonel Emily A. Jackson-Hall, USMC. Sentence adjudged 29 June 2018 by a special court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to pay grade E-1, confinement for 179 days,[1] and a bad conduct discharge.

For Appellant: Commander C. Eric Roper, JAGC, USN.

For Appellee: Lieutenant Jonathan Todd, JAGC, USN; Lieutenant Kurt W. Siegal, JAGC, USN.

Judge FOIL delivered the opinion of the Court, in which Chief Judge CRISFIELD and Senior Judge HITESMAN joined.

---

[1] The convening authority suspended confinement in excess of 90 days pursuant to a pretrial agreement.

———————————————

**PUBLISHED OPINION OF THE COURT**

———————————————

FOIL, Judge:

Appellant was found guilty, pursuant to his pleas, of one specification of attempted escape, one specification of willful disobedience of a superior commissioned officer, one specification of disrespect toward a noncommissioned officer, and three specifications of wrongful use of a controlled substance, in violation of Articles 80, 90, 91, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 890, 891, 912a (2012).

Appellant did not initially assert a specific assignment of error. Following our preliminary review, however, this Court specified the following issue: Whether Appellant's guilty plea to the Specification of Additional Charge II for disrespect toward a noncommissioned officer was provident. After considering the briefs of the parties we find merit in the specified issue and set aside the finding of guilty to Additional Charge II. We reassess the sentence, and affirm the sentence as adjudged.

## I. BACKGROUND

Appellant pleaded guilty to the Specification of Additional Charge II alleging a violation of Article 91, UCMJ, for disrespect toward a noncommissioned officer by saying, "F[***]k you, Gunny," to his platoon sergeant. The military judge provided the elements of the offense of disrespect toward a noncommissioned officer and followed with a plea colloquy with Appellant. The following exchange occurred between Appellant and the military judge:

> MJ: Now, on those same dates, did you use certain language to wit: "F[***]k you, Gunny," towards Gunnery Sergeant [J.R.M.]?
>
> ACC: I did, your Honor.
>
> MJ: Please explain the circumstances.
>
> ACC: We were arguing about something with the checkout process, and he said, "I can tell that you just want to say 'F[***]k me.'" And so he said, "Say 'F[***]k you, Gunny.'" And we went back and forth for a few times, but I eventually gave in and said, "F['***]k you, Gunny."

Record at 35.

The military judge did not make any specific inquiry as to whether the potential affirmative defense of abandonment of office or divestiture might apply, and neither side requested additional inquiry on this offense.

## II. DISCUSSION

### A. Providence Inquiry

Prior to accepting a guilty plea, a military judge must ensure the plea is supported by a factual basis. Article 45(a), UCMJ; *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969); RULE FOR COURTS-MARTIAL (R.C.M.) 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). The military judge must elicit sufficient facts to satisfy every element of the offense in question, and a military judge's decision to accept a plea of guilty is reviewed for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (citation omitted). Questions of law arising from the guilty plea are reviewed de novo. *Id.* (citing *United States v. Pena*, 64 M.J. 259 (C.A.A.F. 2007)). A reviewing appellate court may reject a guilty plea only if there is a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater,* 32 M.J. 433 (C.M.A. 1991)). The military judge must reopen the providence inquiry if the evidence is inconsistent with the guilty plea. *See United States v. Lloyd,* 46 M.J. 19, 23 (C.A.A.F. 1997).

Before accepting a guilty plea, "the military judge [must] explain the elements of the offense and ensure there is a factual basis for the plea." *United States v. Faircloth*, 45 M.J. 172, 174 (1996); *accord United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969); *see* Art. 45(a), UCMJ. In the course of a guilty-plea proceeding, if an accused "reasonably raises the question of a defense," *United States v. Timmins*, 45 C.M.R. 249, 253 (C.M.A. 1972) (mistake of fact), or "'sets up matter inconsistent with the plea' at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea." *United States v. Garcia*, 44 M.J. 496, 498 (1996) (quoting Art. 45(a), UCMJ); *see also* R.C.M. 910(e) and (h)(2).

At the same time, a military judge may not "arbitrarily reject a guilty plea." *United States v. Penister*, 25 M.J. 148, 152 (C.M.A. 1987). The standard of review on the issue of a provident plea is whether the record reveals a "substantial basis in law and fact for questioning the plea." *Prater*, 32 M.J. at 436.

The "mere possibility of a defense does not render a plea of guilty improvident." *United States v. Bullma*n, 56 M.J. 377, 381 (C.A.A.F. 2002) (citing *Prater*, 32 M.J. at 436). Before finding a plea improvident, this Court must apply the statutory standard delineated in Article 45(a), UCMJ. After applying the Article 45(a), UCMJ, standard, any conclusion reached by this Court

"must overcome the generally applied waiver of the factual issue of guilt inherent in voluntary pleas of guilty." *United States v. Dawson*, 50 M.J. 599, 601 (N-M. Ct. Crim. App. 1999); *accord* R.C.M. 910(j).

During the providence inquiry the military judge correctly explained the elements necessary to establish a violation for disrespect toward a noncommissioned officer. Before accepting Appellant's guilty plea to the Specification of Additional Charge II, the military judge had to find that there was a sufficient factual basis to satisfy each and every element of the pled offense. *Care*, 40 C.M.R. at 253. "Mere conclusions of law recited by an accused are insufficient to provide a factual basis for a guilty plea." *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996); *accord United States v. Jordan*, 57 M.J. 236, 238-39 (C.A.A.F. 2002). If the accused discloses factual matters inconsistent with his plea, the military judge must either resolve the apparent inconsistency or reject the plea. *Garcia*, 44 M.J. at 498 (citation and internal quotation marks omitted). Once the guilty plea is accepted, however, we will not disturb it unless the record reveals "a substantial conflict between the plea and the accused's statements or other evidence of record." *Id.*; *accord Prater*, 32 M.J. at 436.

An individual can "abandon his rank and position of authority in dealing with a subordinate by his own misconduct." *United States v. Richardson*, 7 M.J. 320 (C.M.A. 1979) (citing *United States v. Noriega*, 7 C.M.A 196 (C.M.A. 1956)).[2] Based upon the providence inquiry into the Specification of Additional Charge II, we find that the facts obtained by the military judge were deficient in light of her failure to adequately instruct Appellant of possible defenses that were raised by Appellant's statements. The military judge asked Appellant if he felt Gunnery Sergeant J.R.M. was acting outside his role as a noncommissioned officer.[3] Appellant said no. This was not an adequate inquiry as to whether a potential affirmative defense of abandonment of office

---

[2] The Government argues that the defense of abandonment of rank only applies to offenses against commissioned officers and does not apply to offenses against noncommissioned officers. The Court of Appeals for the Armed Forces and several Service courts, including this one, have held, at least implicitly, that abandonment of rank is a defense to disrespect or disobedience to a noncommissioned officer. *See, e.g.*, *United States v. Diggs*, 52 M.J. 251, 256-57 (C.A.A.F. 2000); *United States v. Sanders*, 41 M.J. 485, 486-87 (C.A.A.F. 1995); *United States v. Vallenthine*, 2 M.J. 1170 (N.C.M.R. 1975); *United States v. Revels*, 41 C.M.R. 475 (A.C.M.R. 1969); *United States v. McDaniel*, 7 M.J. 522, 523 (A.C.M.R. 1979); *United States v. Taylor*, 30 M.J. 882 (A.F.C.M.R. 1990).

[3] Record at 38.

or divestiture by Gunnery Sergeant J.R.M., or even compliance with orders, existed to the charge after the noncommissioned officer repeatedly badgered and taunted Appellant to curse him.

Appellant was instructed by the noncommissioned officer to use words that would disrespect him. This was a clear departure from the standards required of those in leadership position and it invited a disrespectful response from Appellant. *United States v. Ivory*, No. 9401647, 1995 CCA LEXIS 387, at *10, (N-M. Ct. Crim App. 10 Aug. 1995) (unpub. op.). Appellant admitted to saying the charged language towards Gunnery Sergeant J.R.M., but only after he had repeatedly been told to do so by the noncommissioned officer. Appellant reasonably raised an affirmative defense of abandonment of office, so the military judge should have resolved the inconsistency or rejected the plea," *United States v. Timmins*, 45 C.M.R. 249, 253 (C.M.A 1972). She did not. Therefore, we set aside the finding of guilty to the Specification of Additional Charge II.

**B. Sentence Reassessment**

Having set aside the finding of guilty to the Specification of Additional Charge II, we must now determine if we are able to reassess Appellant's sentence. We have "broad discretion" when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). However, we can only reassess a sentence if we are confident "that, absent any error, the sentence adjudged would have been of at least a certain severity . . . ." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). A reassessed sentence must not only "be purged of prejudicial error [but] also must be 'appropriate' for the offense[s] involved." *Id.*

In determining whether to reassess a sentence or to order a sentencing rehearing, we consider the five factors espoused in our superior court's holding in *Winckelmann*: (1) whether there has been a dramatic change in the penalty landscape and exposure; (2) the forum of the court-martial; (3) whether the remaining offenses capture the gravamen of the criminal conduct; (4) whether significant aggravating circumstances remain admissible and relevant; and (5) whether the remaining offenses are the type with which we as appellate judges have experience and familiarity to reasonably determine what sentence would have been imposed at trial. *Winckelmann*, 73 M.J. at 15-16.

Under the circumstances presented, we find that we can reassess the sentence and it is appropriate for us to do so. First, the penalty landscape has not changed. Considering Appellant was tried by special court-martial, our action in setting aside one of six separate offenses has not changed the penalty landscape. Appellant still faces the jurisdictional maximum for that forum.

Second, Appellant was tried by a military judge alone, which makes it easier for this Court to reassess what the military judge would do at a new sentencing hearing. Third, the gravamen of Appellant's conduct is the wrongful use of various controlled substances on multiple occasions. Appellant remains convicted of serious offenses with significant aggravating circumstances. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Taking these facts as a whole, we can confidently and reliably determine that, absent the error, a military judge would still sentence Appellant to reduction to pay grade E-1, at least 179 days confinement, and a bad conduct discharge. We find this sentence to be an appropriate punishment for the remaining convictions and this offender—thus satisfying the requirement for a reassessed sentence both purged of error and appropriate. *Sales*, 22 M.J. at 308.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the finding of guilty to Additional Charge II and the Specification thereunder are set aside and the Charge is dismissed. The findings of guilty to the remaining charges and specifications are affirmed. After reassessing the sentence and the entire record, the sentence is affirmed. Following this action, we find no error materially prejudicial to Appellant's substantial rights remains. Arts. 59, 66, UCMJ. Accordingly, the findings as modified by this Court and sentence are **AFFIRMED**.

Chief Judge CRISFIELD and Senior Judge HITESMAN concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court