*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

_____

## UNITED STATES
Appellee

**v.**

## Israel E. FLORES, Senior Airman
United States Air Force, Appellant

**No. 23-0198**
Crim. App. No. 40294

Argued November 7, 2023—Decided March 14, 2024

Military Judge: Pilar G. Wennrich

For Appellant: *Major Heather M. Caine*, USAF (argued)*; Megan P. Marinos*, Esq. (on brief); *Major Matthew Blyth*, USAFR.

For Appellee: *Major Vanessa Bairos*, USAF (argued)*; Colonel Matthew D. Talcott*, USAF, *Lieutenant Colonel James P. Ferrell*, USAF, and *Mary Ellen Payne,* Esq. (on brief).

Amicus Curiae in Support of Neither Party: *James A. Young*, Esq. (on brief).

Judge MAGGS delivered the opinion of the Court, in which Judge SPARKS and Judge HARDY joined. Chief Judge OHLSON filed a separate opinion concurring in part and dissenting in part, in which Judge JOHNSON joined.

_____

Judge MAGGS delivered the opinion of the Court.

The granted issue in this appeal is "whether sentence appropriateness review for segmented sentencing must consider each segmented sentence to confinement, or instead only the overall sentence." *United States v. Flores*, 83 M.J. 448 (C.A.A.F. 2023) (order granting review). We hold that when a Court of Criminal Appeals (CCA) conducts a sentence appropriateness review under Article 66(d), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(d) (2018), the CCA must consider the appropriateness of each segment of a segmented sentence and the appropriateness of the sentence as a whole. Although the United States Air Force Court of Criminal Appeals (AFCCA) did not expressly state this rule in its opinion, we conclude that the AFCCA did not abuse its discretion in conducting its review under Article 66(d), UCMJ.[1] We therefore affirm the decision of the AFCCA.

## I. Background

In the fall of 2020, Appellant was dating Staff Sergeant E.F. On multiple occasions, Appellant agreed to watch Sergeant E.F.'s two-year-old son, J.F. On November 25, 2020, Appellant struck J.F. on the head and face using his hand. Later that same day, he struck J.F. on the head and face with a spatula. When these incidents led to an investigation, Appellant falsely told a senior noncommissioned officer, "I wasn't even there."

A military judge sitting as a general court-martial subsequently found Appellant guilty, consistent with his pleas, of one specification of making a false official statement and two specifications of assault consummated by a battery in violation of Articles 107 and 128, UCMJ, 10 U.S.C. §§ 907, 928 (2018). The military judge sentenced Appellant to twelve months of confinement for the false official

---

[1] We did not grant review of the question as to whether the AFCCA abused its discretion when it affirmed the sentence in this case. However, we find it necessary to address this issue in answering the granted question.

statement and six months of confinement for each of the two specifications of assault consummated by a battery. The military judge specified that the terms of confinement would run concurrently. The military judge also sentenced Appellant to a reduction to the grade of E-1, forfeiture of all pay and allowances for twelve months, and a bad-conduct discharge.

The AFCCA affirmed the findings and sentence in an unpublished opinion. *United States v. Flores*, No. ACM 40294, 2023 CCA LEXIS 165, at *18, 2023 WL 2921389, at *6-7 (A.F. Ct. Crim. App. Apr. 13, 2023) (unpublished). The AFCCA addressed its review of the appropriateness of Appellant's sentence under Article 66(d), UCMJ, as follows:

> We review issues of sentence appropriateness de novo. *See United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citing *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990)). Our authority to review a case for sentence appropriateness "reflects the unique history and attributes of the military justice system, [and] includes but is not limited to, considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).
>
> . . . .
>
> The maximum punishment Appellant could have received for the crimes with which he was convicted was a dishonorable discharge, three

years' confinement, forfeiture of all pay and allowances, reduction to E-1, and a reprimand. The plea agreement stated the minimum and maximum punishments for each charge and specification. For the false official statement, the minimum punishment was six months' confinement and a bad[-]conduct discharge, while the maximum punishment was three years' confinement and a dishonorable discharge. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 12 months, total forfeiture of pay and allowances for 12 months, and reduction to the grade of E-1.

Appellant argues the sentence imposed by the military judge was inappropriately severe because "[a]t the time of the false official statement, [he] was suffering from adjustment disorder mixed with anxiety and depressed mood." Moreover, he "demonstrated significant rehabilitation potential" as evidenced by the statements of those who interacted with Appellant regularly and specifically, every day on deployment. One such individual described Appellant as someone who could "[m]ost definitely" bounce back in the future. While we agree there were mitigating circumstances and evidence of rehabilitative potential, we do not agree that Appellant's adjudged sentence was inappropriately severe.

The circumstances surrounding the assault consummated by a battery and underlying the false official statement are aggravating. Appellant was reluctant to admit that he struck JF on the head and face because JF had spilled coffee grounds. The fact JF was a helpless two-year-old child who could not express for himself what he had endured compounds Appellant's actions. Then, in light of the anguish JF was exhibiting, Appellant chose to minimize the assault—leaving EF to rely on a friend's advice instead of arming her with a full, accurate, and timely disclosure of the events so that she could decipher JF's symptoms and make well-informed medical decisions for her toddler as quickly as possible. When Appellant told [his senior noncommissioned officer], that he "wasn't even there," he continued to

attempt to escape responsibility for his actions. It was proper to consider the totality of the circumstances and Appellant's rehabilitation potential in determining an appropriate sentence for the false official statement and an appropriate sentence for crimes of which Appellant was convicted.

We have conducted a thorough review of Appellant's entire court-martial record, including Appellant himself, the nature and seriousness of the offenses, Appellant's record of service, and all matters contained in the record of trial. We conclude that the nature and seriousness of the offenses support the adjudged sentence. Understanding we have a statutory responsibility to affirm only so much of the sentence that is correct and should be approved, Article 66(d), UCMJ, we conclude that the sentence is not inappropriately severe, and we affirm the sentence adjudged and as entered by the military judge.

2023 CCA LEXIS 165, at \*15-18, 2023 WL 2921389, at \*6 (first, fourth, fifth, and sixth alterations in original).

On appeal, Appellant contends that the AFCCA erred in how it reviewed the appropriateness of his sentence because "[t]he AFCCA's analysis bypassed the fundamental importance of segmented sentencing, effectively performing review as though the sentence were unitary." The Government responds that "a careful analysis of [the AFCCA's] opinion shows that [the] AFCCA did consider each segmented sentence." To resolve this dispute, we must decide whether Article 66(d), UCMJ, requires a CCA to review the appropriateness of each segment of a segmented sentence and, if so, whether the AFCCA abused its discretion.

## II. Sentence Appropriateness Review

### A. Standard of Review

To answer the granted question, we must interpret Article 66(d), UCMJ. "This Court reviews matters of statutory interpretation de novo." *United States v. Hiser*, 82 M.J. 60, 64 (C.A.A.F. 2022).

**B. Discussion**

When Congress first enacted the UCMJ, courts-martial adjudged only one sentence even if they found the accused guilty of multiple offenses. Describing this former rule, the United States Supreme Court explained in *Jackson v. Taylor*, 353 U.S. 569, 570 n.1 (1957): "This [single] sentence is known as an 'aggregate' or 'gross' sentence. A court-martial may not impose separate sentences for each finding of guilt, but may impose only a single, unitary sentence covering all of the guilty findings in their entirety, no matter how many such findings there may be." This rule applied until only a few years ago. Rule for Courts-Martial (R.C.M.) 1002(b) (2016 ed.), for example, stated:

> (b) *Unitary Sentencing.* Sentencing by a court-martial is unitary. The court-martial will adjudge a single sentence for all the offenses of which the accused was found guilty. A court-martial may not impose separate sentences for each finding of guilty, but may impose only a single, unitary sentence covering all of the guilty findings in their entirety.

However, in the National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5301, 130 Stat. 2000, 2919-20 (2016), Congress amended Article 56, UCMJ, 10 U.S.C. § 856 (Supp. III 2013-2016) generally, and added Article 56(c)(2), UCMJ, to eliminate unitary sentencing in cases in which a military judge alone sentences the accused to a fine or confinement for more than one offense. In such cases, the military judge must now specify the fine or confinement for each offense. Article 56(c)(2), UCMJ, thus replaced unitary sentences with what might be called "segmented" sentences. Article 56(c)(2), UCMJ, as codified, now provides:

> (2) Sentencing By Military Judge.—In announcing the sentence in a general or special court-martial in which the accused is sentenced by a military judge alone under section 853 of this title (article 53), the military judge shall, with respect to each offense of which the accused is found guilty, specify the term of confinement, if any, and

the amount of the fine, if any. If the accused is sentenced to confinement for more than one offense, the military judge shall specify whether the terms of confinement are to run consecutively or concurrently.

10 U.S.C. § 856(c)(2) (2018).[2]

The introduction of segmented sentences raises a question about how the CCAs must conduct their appellate review of segmented sentences. Article 66(d)(1), UCMJ, provides that a CCA "may affirm only . . . the sentence or such part or amount of the sentence, as the Court finds correct in law and fact and determines, on the basis of the entire record, should be approved." This Court previously interpreted these words to mean that a CCA "must determine whether it finds the sentence to be *appropriate*." *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (emphasis added).

The granted question in this case asks whether a CCA must now consider the appropriateness of each segment of a segmented sentence in conducting sentence appropriateness review. The parties do not dispute the answer to this question; Appellant and the Government agree that Article 66(d), UCMJ, requires a CCA to determine the appropriateness of each segmented part of the sentence. Although we are not bound by the parties' interpretation of a statutory provision, *see Grove City College v. Bell*, 465 U.S. 555, 562 n.10 (1984) (noting that a "concession [about a question of law], of course, is not binding . . . and does not foreclose . . . review"), our analysis of Article 66(d), UCMJ, leads us to agree with Appellant and the Government. We hold that a CCA must consider the appropriateness of each segment of a segmented sentence.

---

[2] Congress made further amendments to Article 56, UCMJ, in National Defense Authorization Act for Fiscal Year 2022, Pub. L. No. 117-81, § 539E(c), 135 Stat. 1541, 1701-02 (2021). The additional amendments, however, were not in effect at the time of this case.

Our reasoning on this issue begins with the recognition that courts-martial are authorized to adjudge a variety of punishments. In appropriate cases, and subject to various limitations, these authorized punishments may include a reprimand, a forfeiture of pay and allowances, a fine, a reduction in pay grade, a restriction to specified limits, hard labor without confinement, confinement, a punitive separation, death, and punishment under the law of war. R.C.M. 1003(b)(1)-(10). Courts-martial frequently include more than one of these authorized punishments in the adjudged sentence. In this case, for example, the military judge sentenced Appellant to a punitive discharge, a forfeiture of pay and allowances, and three periods of confinement to run concurrently.

Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1) (2018), provides that the CCA "may affirm only . . . *the sentence or such part or amount of the sentence*, as the Court finds . . . should be approved." (Emphasis added.) This Court has understood the words "such part or such amount of the sentence" to require a CCA to review the appropriateness of each punishment in the adjudged sentence. *United States v. Jessie*, 79 M.J. 437, 440 (C.A.A.F. 2020) (explaining that "a CCA may not affirm any portion of a sentence that it finds excessive"); *United States v. Nerad*, 69 M.J. 138, 142 (C.A.A.F. 2010) (explaining that "a CCA may approve only that part of a sentence that it finds 'should be approved' "). Thus, a CCA may approve the adjudged confinement but not the adjudged punitive discharge, or vice versa. *See, e.g.*, *United States v. Richardson*, 7 M.J. 320, 321-22 (C.M.A. 1979) (affirming the decision of a Court of Military Review to set aside a bad-conduct discharge but affirming the remainder of the sentence); *United States v. Gay*, 75 M.J. 264, 265 (C.A.A.F. 2016) (affirming a CCA's decision to affirm a bad-conduct discharge while reducing the sentence of confinement).

This background brings us to the issue of adjudged segmented periods of confinement and fines under Article 56(c)(2), UCMJ. Our view on this matter of first impression is that such segmented punishments are "parts" of the

overall sentence. Because Article 66(d), UCMJ, requires a CCA to review the appropriateness not only of the sentence but also of each "part or amount of the sentence," we conclude that a CCA must review the appropriateness of each segmented period of confinement and each segmented amount of any fine. This conclusion is consistent with the CCAs' routine practice of reviewing the appropriateness of other distinct parts of a sentence, such as a reprimand, a forfeiture of pay, a punitive discharge, etc. *See, e.g.*, *United States v. Lozoria*, No. ACM S32723, 2023 CCA LEXIS 248, at *8, 2023 WL 3945797, at *3 (A.F. Ct. Crim. App. June 12, 2023) (unpublished) (separately reviewing the appropriateness of a reprimand); *United States v. Allison*, No. NMCCA 201800251, 2021 CCA LEXIS 605, at *16, 2021 WL 5318253, at *6-7 (N-M. Ct. Crim. App. Nov. 16, 2021) (unpublished) (separately reviewing the appropriateness of a forfeiture); *United States v. Reaper*, No. ARMY 20210230, 2023 CCA LEXIS 304, at *6-7, 2023 WL 4557748, at *2 (A. Ct. Crim. App. July 14, 2023) (unpublished) (separately reviewing the appropriateness of a bad-conduct discharge). In addition to reviewing the appropriateness of each segment, the CCAs must also continue to review the appropriateness of the entire sentence. *United States v. Sessions*, 21 C.M.A. 654, 654, 45 C.M.R. 931, 931 (1972) (order directing a Court of Military Review to review "the appropriateness of the sentence as a whole").

### III. Abuse of Discretion

Appellant contends that the AFCCA erred in how it reviewed the appropriateness of his sentence. "In reviewing the exercise of this power, we ask if the CCA abused its discretion or acted inappropriately—i.e., arbitrarily, capriciously, or unreasonably—as a matter of law." *Nerad*, 69 M.J. at 142. This Court's precedents do not require a CCA to explain its reasoning when assessing the reasonableness of a sentence. *United States v. Winckelmann*, 73 M.J. 11, 16 (C.A.A.F. 2013) ("The Court of Criminal Appeals did not detail its analysis in this case; nor was it obligated to do so."). But if the CCA's opinion reveals a misunderstanding of the applicable law, this Court may require a new

sentence appropriateness review. *Baier*, 60 M.J. at 385 (remanding a case for a new review of sentence appropriateness when the CCA recited an incorrect standard).

Based on these standards, we affirm the decision of the AFCCA. The AFCCA's five-paragraph discussion of sentence appropriateness is quoted above. A review of these paragraphs reveals that the AFCCA did not express any incorrect statement of law. In its opinion's initial paragraph, the AFCCA addressed several legal principles. Citing precedents, the AFCCA explained that it must conduct its review of the appropriateness of sentences de novo; that sentence appropriateness review strives to promote even-handedness; that a CCA must consider the seriousness of the offenses, the appellant's record, and all other matters in the record; and that a CCA has no power to grant mercy. None of the AFCCA's statements are legally incorrect.

It is true that the AFCCA did not specifically state that a CCA must review the appropriateness of each segment of the segmented sentence. But as noted above, this Court held in *Winckelmann* that a CCA is not required to detail its analysis when conducting sentence appropriateness review. 73 M.J. at 16. And in any event, neither Appellant's arguments nor the AFCCA's decision convince us that the AFCCA acted "arbitrarily, capriciously, or unreasonably." *Nerad*, 69 M.J. at 142.

The AFCCA considered the appropriateness of each segment of confinement because it looked carefully and fully at the aggravating evidence pertaining to each of the offenses of which Appellant was found guilty. The AFCCA began the relevant portion of its discussion on aggravating evidence by stating: "The circumstances surrounding the assault consummated by a battery *and* underlying the false official statement are aggravating." *Flores,* 2023 CCA LEXIS 165, at *16-17, 2023 WL 2921389, at *6 (emphasis added). The AFCCA then identified several aggravating facts that specifically pertained to the assaults and several aggravating facts that specifically concerned the false official statement. With respect to the assaults, the AFCCA recognized that the victim was "helpless," the victim was a

"two-year-old child," the victim "exhibit[ed]" "anguish," and the victim required medical attention. *Id.* at *17, 2023 WL 2921389, at *6. With respect to the false official statement, the AFCCA observed that Appellant's lie could not be corrected because the victim "could not express for himself what he had endured." *Id.*, 2023 WL 2921389, at *6. The AFCCA further noted that the false official statement was selfish because "Appellant chose to minimize the assault" and lied in an "attempt to escape responsibility for his actions." *Id.*, 2023 WL 2921389, at *6. In addition, the AFFCA observed that the false official statement and assault were further aggravated by Appellant's failure to disclose initially that he struck J.F., "leaving [Staff Sergeant] E.F. to rely on a friend's advice instead of arming her with a full, accurate, and timely disclosure of the events so that she could decipher J.F.'s symptoms and make well-informed medical decisions for her toddler as quickly as possible." *Id.*, 2023 WL 2921389, at *6.

Our conclusion that the AFCCA understood that the case involved segmented sentences and that it reviewed the segments separately is further established by the AFCCA's discussion of two additional matters. First, the AFCCA explained that the pretrial agreement required "any sentences of confinement to run concurrently." *Id.* at *6, 2023 WL 2921389, at *3. A requirement that sentences run concurrently can only exist when there are segmented sentences. Second, the AFCCA recognized that it had to consider the maximum period of confinement for each offense, explaining: "The confinement range for Charge I and its sole specification was six months to three years. The confinement range for each specification of Charge II was zero days to six months." *Id.*, 2023 WL 2921389, at *3.

We recognize that the AFCCA's discussion of sentence appropriateness focused more on the segmented sentence for the false official statement than for the segmented sentences for the assaults. In taking this path, we do not think the AFCCA acted "arbitrarily, capriciously, or unreasonably." It was within the AFCCA's discretion to believe that more discussion was required for the issue of whether a

twelve-month sentence for a false official statement was excessive than the issue of whether two six-month sentences for assaulting the victim were excessive.[3]

## IV. Conclusion

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

---

[3] In his brief before the AFCCA, Appellant himself focused only on the appropriateness of the twelve-month sentence for his false official statement.

Chief Judge OHLSON, with whom Judge JOHNSON joins, concurring in part and dissenting in part.

The majority correctly acknowledges that when the United States Air Force Court of Criminal Appeals (AFCCA) conducted a sentence appropriateness review in this case, the lower court was *required* to *separately* consider the appropriateness of *each* segment of the sentence that was imposed. But curiously, the majority then affirms the AFCCA's decision in this case despite the fact that the lower court never states that it is complying with this requirement, never uses the word "separate," never uses the word "segment," never cites to the statutory provisions requiring such a separate review of each segment of the adjudged sentence, and never cites to its own precedents where such a separate review has been conducted in the past.[1] In fact, in its opinion the majority downplays the following passage from the AFCCA's opinion: "We conclude that the nature and seriousness of the offenses support the adjudged sentence." *United States v. Flores*, No. ACM 40294, 2023 CCA LEXIS 165, at \*18, 2023 WL 2921389, at \*6 (A.F. Ct. Crim. App. Apr. 13, 2023) (unpublished). Notice that the lower court uses the plural when using the word "offenses" but uses the singular when referring to the "sentence." *Id.*, 2023 WL 2921389, at \*6. Was the AFCCA only conducting a unitary sentence review in this case as

---

[1] Clarity in this area is not unachievable. For example, in *United States v. Alkazahg*, a servicemember was convicted of one specification of fraudulent enlistment, two specifications of making a false official statement, and two specifications of possessing machine guns. 81 M.J. 764, 767 (N-M. Ct. Crim. App. 2021). In its opinion, the United States Navy-Marine Corps Court of Criminal Appeals clearly delineated each of the segmented sentences and then provided an analysis of the appropriateness of each sentence, *see id.* at 786-88, thereby making it clear that it had complied with the requirements of Article 66(d), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(d) (2018).

was done in years past? The simple truth is that it is unclear from the lower court's opinion.[2]

It is true that the "[Courts of Criminal Appeals (CCAs)] are presumed to know the law and [to] follow it." *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016). However, this can be a hazardous legal path to tread when, as here, the CCAs are applying a new statutory provision. We have entered an era where there are many changes afoot in the military justice system. Mischief will result if this Court fails not only to provide crisp, clear guidance to the CCAs about the practical effects of those changes, but also if it fails to ensure that the CCAs are scrupulously adhering to the legal and analytical obligations that those changes have placed upon them.

Therefore, we should remand this case to provide the AFCCA with an opportunity to clarify whether it complied with the legal requirement to consider the appropriateness of each segment of the imposed sentence. Doing so would ensure that this Court properly exercises its appellate review authority in this case. Because the majority holds to the contrary, I respectfully dissent in part.

---

[2] Just last term in *United States v. Thompson*, this Court remanded a case to the AFCCA because the language in its opinion created "at least an 'open question' about whether the court applied the correct rule." 83 M.J. 1, 5 (C.A.A.F. 2022) (quoting *United States v. Nerad*, 69 M.J. 138, 147 (C.A.A.F. 2010)). An "open question" is what we have here.